804 P.2d 122

**Samuel T. ALEXANDER, Plaintiff, Counter–defendant–Appellant,**

v.

**FUND MANAGER, PUBLIC SAFETY PERSONNEL RETIREMENT SYSTEM; Arizona Game and Fish Department Local Board of the Public Safety Personnel Retirement System, Defendants, Counter–claimants–Appellees.**

**No. 1 CA–CV 89–348.**

Court of Appeals of Arizona, Division 1, Department A.

Dec. 31, 1990.

Barry Becker, P.C., by Barry Becker, Phoenix, for plaintiff, counter-defendant-appellant.

Eaton, Lieberman & Dodge, Ltd., by Marc R. Lieberman and Susan G. Sendrow, Robert K. Corbin, Atty. Gen., by Robert A. Zumoff, Asst. Atty. Gen., Phoenix, for defendants, counter-claimants-appellees Local Bd.

## OPINION

LANKFORD, Judge.

This is an appeal from summary judgment entered by the superior court in favor of the Fund Manager of the Public Safety Personnel Retirement System ("Fund Manager") and the Local Public Safety Retirement Board of the Game and Fish Department ("Local Board") and against Samuel T. Alexander ("Alexander") on Alexander's complaint and the Fund Manager's counter-claim.[1] Alexander's complaint sought judicial review of a decision of the local board adverse to him. *See* A.R.S. § 38–847(J) (right to judicial review under Administrative Review Act, § 12–901 *et seq.*, from decisions of local boards).

The principal issue on appeal is whether Alexander is entitled to additional benefits under the Public Safety Personnel Retirement System ("PSPRS") accruing from a period of time when he was a participant in the Arizona State Retirement System ("ASRS"). The benefits paid by the PSPRS are more generous than those paid by the ASRS.

## I.

Alexander worked as a deputy with the Maricopa County Sheriff's Department from April 1962 until July 13, 1968. During that six-year period, Alexander was enrolled in and contributed to the Arizona State Retirement System. Alexander's contribution to ASRS for that six-year period has never been withdrawn or transferred.

On July 16, 1968, Alexander began working for the Arizona Game and Fish Department as a boating law enforcement officer. He continued that employment until he retired in July of 1988. At all relevant times, the Game and Fish Department classified boating law enforcement coordinators, like Alexander, as game and fish wardens.

When Alexander began his employment with the Game and Fish Department, he participated in the ASRS. In 1971, the Game and Fish Department entered into a joinder agreement with the Fund Manager pursuant to A.R.S. § 38–841(D). Although the 1971 joinder agreement designated some of the department's employees as eligible for membership in the PSPRS, it did not designate game and fish wardens as eligible. Thus, Alexander continued to contribute to the ASRS.

On July 1, 1986, the Game and Fish Department amended its joinder agreement with the PSPRS to make game and fish wardens, like Alexander, eligible for PSPRS membership. On August 27, 1986, the Local Board—a division of the Game and Fish Department which administers the PSPRS for Game and Fish Department personnel—determined that Alexander's twenty-year period of "credited service" for purposes of entitlement to PSPRS retirement benefits would start July 16, 1968, when Alexander began working for the Department. The Department did not credit the six years of Alexander's employment with the Sheriff's Department. Alexander timely requested a rehearing, but the Local Board affirmed its decision.

---

1. The Sheriff's Department is not a party to this action. The Arizona State Retirement System was named as a party but was dismissed. Alexander did not appeal from the order of dismissal.

Alexander appealed that decision by filing a complaint in the superior court. Alexander alleged that the Local Board's decision establishing July 16, 1968 rather than April 1962 as his prior service date was contrary to law.

The Fund Manager of the PSPRS counterclaimed against Alexander, seeking a determination that the only manner in which he could obtain benefits under the PSPRS for his Sheriff's Department service was to "redeem" such service according to A.R.S. § 38–853.01. Applying A.R.S. § 38–853.01(B), the PSPRS actuaries determined that as of December 1, 1988, Alexander would have to pay $48,299.00 to the PSPRS in order to redeem his six years of service with the Sheriff's Department.

The parties filed cross-motions for summary judgment. The trial court granted summary judgment in favor of the Fund Manager on Alexander's complaint and on the Fund Manager's counterclaim, and Alexander appealed to this court.

## II.

On appeal from an administrative decision, the superior court decides only whether the administrative action was illegal, arbitrary, capricious or involved an abuse of discretion. *Ethridge v. Arizona State Bd. of Nursing,* 165 Ariz. 97, 796 P.2d 899 (App.1989); *DeGroot v. Arizona Racing Comm'n,* 141 Ariz. 331, 686 P.2d 1301 (App.1984). In reviewing an administrative agency's decision of issues of law, however, the courts may draw their own conclusions and decide whether the agency erred in its determination of law. *Carley v. Arizona Board of Regents,* 153 Ariz. 461, 737 P.2d 1099 (App.1987).

Alexander alleges that the Local Board and the trial court erred as a matter of law by failing to give him PSPRS credit for his six years of employment as a Sheriff's deputy. Alexander alleges that his period of "credited service" should have started in April 1962 rather than July 1968.

The Sheriff's Department did not participate in the PSPRS while Alexander worked there from 1962 until 1968. Alexander contributed to the ASRS during that time. The Sheriff's Department did not agree to join the PSPRS until January 1, 1970, fifteen months after Alexander had terminated his employment there.

The Local Board and the Fund Manager argue that because the Sheriff's Department did not participate in the PSPRS during Alexander's tenure, his period of employment as a Sheriff's deputy should not be used in calculating his PSPRS retirement benefits. We agree.

■ Critical to our evaluation of this case is the principle that administrative agencies, like the Local Board, possess only the power delegated to them by the Legislature. *Ayala v. Hill,* 136 Ariz. 88, 664 P.2d 238 (App.1983). Thus, without statutory directive, neither the Local Board nor the Fund Manager can credit Alexander with his Sheriff's Department employment in calculating his PSPRS benefits.

■ The statutes do not authorize credit for this period of service. A.R.S. § 38–845(A) provides that a member who meets the pension requirements and who has twenty years of "credited service" shall receive PSPRS benefits. "Credited service" is defined in A.R.S. § 38–842(7) as "the member's total period of service prior to his effective date of participation, plus those compensated periods of his service thereafter for which he made contributions to the fund." Alexander's "effective date of participation" in the PSPRS was July 1, 1986. *See* A.R.S. § 38–842(9).

A.R.S. § 38–842(24) defines "service" as the "last period of continuous employment of an employee by the employers prior to his retirement or his sixty-fifth birthday ..." "Employee" is defined in A.R.S. § 38–842(13) as "any person who is employed by a participating employer as a ... county sheriff or deputy, fish and game warden,...." "Employer" is defined by A.R.S. § 38–842(14)(d) as the "state, or any political subdivision thereof, ... which has elected to participate in the system on behalf of an eligible group ... pursuant to a joinder agreement entered into after July 1, 1968."

Because the Sheriff's Department did not participate in the PSPRS system until January 1, 1970, it was not an "employer" until that date. Consequently, Alexander was not an "employee" qualified for PSPRS benefits during his employment there. Alexander's period of Sheriff's Department employment cannot be included within his period of "credited service."

The Sheriff's Department's later participation in PSPRS does not affect Alexander's service credit. The Legislature could have included persons in Alexander's situation in its definition of "employees." But the Legislature did not include persons employed by an "employer" *before* its election to participate in the PSPRS, and instead defined its terms in such a way as to exclude credit in this situation by negative implication.

Alexander also argues that his change of employment from the Sheriff's Department to the Game and Fish Department should not affect his PSPRS benefits. Section 38-842(24) provides that "transfers between employers also shall not be considered as interrupting continuity of employment." However, as the Sheriff's Department was not a participating "employer" at the time of Alexander's employment with the Game and Fish Department, this provision is inapplicable.

Although A.R.S. §§ 38-921 and 38-922 were enacted in 1989, and therefore do not govern the instant case, they are helpful in understanding the Legislature's intent. The cardinal rule of statutory construction is adherence to the Legislature's intention. *Calvert v. Farmers Ins. Co. of Arizona,* 144 Ariz. 291, 697 P.2d 684 (1985). In essence, these statutes provide that a person contributing to a state retirement system may transfer service credits from one system into his current system when the governing bodies of both systems agree on the terms of the transfer, and the transfer does not cause either system to incur any unfunded liability. According to A.R.S. § 38-922(B)(2), all unfunded liability resulting from that transfer must be paid by the employee.

The Fund Manager argues that A.R.S. §§ 38-921 and 38-922 must be interpreted in *pari materia* with A.R.S. § 38-853.01 and that the Legislature's enactment did not intend to change the law but merely to explain or expand A.R.S. § 38-853.01. Alexander responds that principles of statutory construction require that A.R.S. §§ 38-921 and 38-922 be interpreted as effecting a change in the existing law. Therefore, he argues, these provisions could not have been the law prior to their enactment.

We agree with the Fund Manager. When the Legislature changes the language of a particular statute, the presumption arises that it intended to change the existing law. *Brousseau v. Fitzgerald,* 138 Ariz. 453, 675 P.2d 713 (1984). In contrast, when the Legislature *adds* a new statute to an existing statutory scheme, and the later statute does not expressly repeal a former statute, then the former and the new statutes should be construed so as to give effect to each, if possible. *State v. Cassius,* 110 Ariz. 485, 520 P.2d 1109, *cert. dismissed,* 420 U.S. 514, 95 S.Ct. 1345, 43 L.Ed.2d 362 (1974). The courts must harmonize statutes if possible, and must not construe a statute as repealed by implication if such a construction can be avoided. *State v. Rice,* 110 Ariz. 210, 516 P.2d 1222 (1973).

We therefore reject Alexander's argument that the enactment of additional provisions demonstrates his entitlement to PSPRS benefits based on service credited to 1962. The statutory scheme simply does not include years of service for an agency which did not participate in the PSPRS.

### III.

Alexander argues that the retirement assets attributable to his six years of employment with the Sheriff's Department should have been transferred to the PSPRS when the Game and Fish Department elected to permit wardens to participate in the PSPRS. He relies on A.R.S. §§ 38-843(A) and 38-851(F). We conclude that neither of these provisions supports such a transfer in this case.

A.R.S. § 38–843(A) governs the transfer of accrued benefits and currently provides, in pertinent part:

> Each employer who participates in the system on behalf of a group of employees who were covered under a prior public retirement system ... shall transfer all securities and monies attributable to the taxes and contributions of the state ... the employer and the employees for the covered group of employees under the other system ... on or within sixty days following the employer's effective date.

A.R.S. § 38–851(F) [2] addresses transfers by new PSPRS employers and provides in part:

> Any and all assets under any existent retirement program, ... to the extent attributable to the employer's designated employee group, shall be transferred from such program to this fund no later than sixty days after the employer's effective date.

According to these statutes, the Local Board was required, upon extending PSPRS membership to game and fish wardens, only to transfer to the PSPRS all prior ASRS benefits attributable to those game and fish wardens. These statutes refer to "the covered group of employees" and "the employer's designated employee group", which in this case was the group consisting of game and fish wardens. The pension benefits Alexander earned while employed by the Sheriff's Department were not "attributable" to his employment as a warden. Therefore, the Local Board was not obligated to transfer Alexander's benefits from the ASRS to the PSPRS when the Game and Fish Department permitted wardens to participate in the PSPRS.

The issue of transfer of the benefits from the ASRS to the PSPRS is not simply a matter of transferring assets from one system into another. The real issue which arises upon such a transfer is responsibility for payment of the "unfunded" liability which results from the transfer.[3]

PSPRS retirement benefits are substantially greater than ASRS benefits, and consequently the cost of funding the benefits is greater in the PSPRS. The difference between the amount of money necessary to fund a PSPRS member's prospective benefits and the amount transferred from the ASRS attributable to that employee's prior service is known as the "unfunded liability." Pursuant to A.R.S. § 38–843(B), that unfunded liability is normally paid by the employer for the prior credited service of employees which the employer designates as eligible for participation in the PSPRS. However, § 38–843(B) applies only when the employer changes the retirement system for an existing group of employees. See A.R.S. § 38–842(13).

Alexander and other persons who were previously employees with an employer now covered by the system are governed by A.R.S. § 38–853.01. Payment of unfunded liability is specifically addressed in A.R.S. § 38–853.01, which provides in part:

> A. All present active members of the system who had previous service in this state as an employee with an employer now covered by the system and who received a refund of accumulated contributions from the ... state retirement system or plan upon termination of employment ... may elect to redeem any part of the prior service by paying into the system any amounts required under subsection B of this section.
>
> B. Any present active member who elects to redeem any part of his prior service for which the employee is deemed eligible by the fund manager under this section shall pay into the system the amounts previously withdrawn by him as

---

**2.** A.R.S. § 38–851(F) was amended in 1988, but for purposes of this appeal we consider this statute only as it existed after its amendment in 1986.

**3.** Alexander's counsel stated at oral argument that the issue is not who must pay, but whether Alexander is entitled to credit for his six years

of employment with the Sheriff's Department. We disagree. Both the Fund Manager and the superior court's judgment indicate that Alexander may receive benefits based on his service with the Sheriff's Department if he pays the unfunded liability pursuant to A.R.S. § 38–853.01, discussed *infra*.

a refund of his accumulated contributions plus accumulated interest as determined by the fund manager and the additional amount, if any, computed by the system's actuary which is necessary to equal the increase in the actuarial present value of projected benefits resulting from the redemption ...

According to A.R.S. § 38–853.01,[4] if Alexander desires to transfer his ASRS benefits and Sheriff's Department service credits to the PSPRS then he must withdraw those ASRS benefits, tender that amount plus accumulated interest to the PSPRS, and pay the unfunded liability. We note that the Game and Fish Department has already paid the unfunded liability for Alexander's eighteen years of employment with the department in which he was eligible only for ASRS benefits.

Alexander argues that A.R.S. § 38–853.01 does not apply because he has never withdrawn his ASRS benefits. Consequently, he argues, he need not pay the unfunded liability. This argument misconceives the operation of the statute. Alexander has always been free to withdraw his ASRS benefits. *See* A.R.S. § 38–758(C). An employee cannot avoid his obligation to pay the unfunded liability simply by electing not to withdraw his ASRS benefits.

### IV.

Alexander's final argument is that if this court declines to order transfer of his ASRS benefits, then we should allow Alexander to withdraw his ASRS assets and redeem his prior service with the Sheriff's Department by paying the amount which would have been required to redeem such service in 1974. The Game and Fish

Department executed its joinder agreement with the Fund Manager of the PSPRS in 1971, but did not include game and fish wardens as eligible employees until 1986. Alexander alleges that if he had been included in the PSPRS membership in 1971, then he would have redeemed his Sheriff's Department service in 1974 when A.R.S. § 38–853.01 was enacted, when his redemption payment would have been far less than it is now.

As the Fund Manager points out, Alexander did not raise this issue in his complaint. Neither the complaint nor the first amended complaint raised this issue. They focused solely on the claim that the period of service should be credited from 1962 rather than 1968. Alexander's motion to file a second amended complaint, which raised the issue, was denied because it improperly sought to add the Sheriff's Department as a party. Alexander does not challenge this ruling on appeal.

Perhaps more importantly, Alexander did not make this claim in the administrative proceeding. The superior court's review of an agency decision is generally limited to the agency record. *See* A.R.S. § 12–910; *DeGroot v. Arizona Racing Comm'n*, 141 Ariz. 331, 686 P.2d 1301 (App.1984). Because Alexander did not preserve the issue, we decline to consider it as a basis for relief.

### V.

The Fund Manager of the PSPRS has requested an award of attorneys' fees incurred in connection with this appeal. The Fund Manager's request is based upon A.R.S. § 12–341.01 and Rule 21(c), Arizona Rules of Civil Appellate Procedure. The

**4.** Section 38–853.01 quoted above is the April 21, 1987 amended version of the statute. We quote the amended version because the changes made by the amendment are merely procedural in nature and do not affect a substantive right. *See Stuart v. Ins. Co. of North America*, 152 Ariz. 78, 730 P.2d 255 (App.1986) (statute may operate retroactively if procedural rather than substantive). Moreover, we find that the amendment has clarified the previous statute and thus, does not change the statute. *State v. Sweet*, 143 Ariz. 266, 693 P.2d 921 (1985).

However, we note that the previous version of this statute buttresses the fact that § 38–853.01 rather than § 38–843(B) applies to Alexander. The previous version stated in pertinent part: "All present active members of the system who are employed by this state and who had previous service in this state as ... deputy sheriffs ... now covered by the system ... who received a refund of accumulated contributions ... may elect to redeem any part of the prior service by paying into the system ..." The legislature apparently intended that former deputy sheriffs be covered by § 38–853.01.

Fund Manager argues that awards of attorneys' fees pursuant to A.R.S. § 12–341.01 may be proper in actions concerning pension benefits. Assuming without deciding that this assertion is correct, we decline to award such fees as an exercise of our discretion in this case. We therefore deny the request for an award of fees.

TAYLOR, P.J., and CONTRERAS, J., concur.