917 P.2d 689

**Mark KNOELL and Vicki Knoell, husband and wife, parents of Timothy Knoell, deceased, Plaintiffs–Appellants,**

v.

**CERKVENIK–ANDERSON TRAVEL, INC., dba Student Tours, Defendant–Appellee.**

No. CV–94–0370–PR.

Supreme Court of Arizona, En Banc.

May 14, 1996.

Earl Terman Law Offices by Earl Terman and Robert S. Sharp, Phoenix, for Mark Knoell and Vicki Knoell.

Teilborg, Sanders & Parks by Brian R. Burt and Rick N. Bryson, Phoenix, for Cerkvenik–Anderson Travel, Inc.

OPINION

MARTONE, Justice.

This is a wrongful death action brought by parents against a travel agency for the death of their 18–year–old son in Mexico. The trial court dismissed the complaint for failure to state a claim under Rule 12(b)(6), Ariz.R.Civ. P., on the basis of social host immunity under A.R.S. § 4–301. The court of appeals reinstated portions of the complaint, but affirmed the dismissal of the alcohol-related claims. *Knoell v. Cerkvenik–Anderson Travel, Inc.,* 181 Ariz. 394, 891 P.2d 861 (App.1994). Because important questions of law are raised, including the constitutionality of A.R.S. § 4–301 (social host immunity), we granted review. Rule 23(c)(4), Ariz.R.Civ.App.P.

**1. The Allegations of the Complaint**

Because the complaint was dismissed for failure to state a claim, we assume for the purposes of this opinion all the well-pleaded allegations of the complaint.

Mark and Vicki Knoell lived in Tempe with their son, Timothy, a recent high school graduate. Cerkvenik–Anderson Travel, Inc., was engaged in the business of promoting, hosting, and supervising vacations to Mazatlan, Mexico for new high school graduates. Timothy bought one of their tours and went to Mazatlan. Cerkvenik represented that the tour included adequate supervision for the safety and behavior of the students, including their use of alcohol while in Mexico. They represented that if they discovered abuse, they would send the student home and end his participation in the tour.

As it turned out, Cerkvenik did not supervise the students. There had been injuries and deaths on past tours, and Cerkvenik failed to disclose this to the Knoells. Timothy's tour began on June 6, 1988, and after three full days of heavy drinking, he lost his balance, fell from the balcony of his hotel, and died.

Count 1 of the complaint alleges fraud. Count 2 alleges that Cerkvenik negligently supplied an 18–year–old with alcohol. Count 3 alleges that Cerkvenik negligently supplied Knoell with a hotel room with an unsafe balcony railing and that Cerkvenik negligently supervised the students, including their use of alcohol. Count 4 alleges that Cerkvenik engaged in outrageous conduct that caused severe emotional distress.

### 2. Prior Proceedings

Cerkvenik moved to dismiss the complaint under Rule 12(b)(6), Ariz.R.Civ.P., for failure to state a claim upon which relief can be granted. It argued that Timothy was 18–years–old at the time of his death and that the legal drinking age in Mexico was 18. Cerkvenik relied upon the immunity afforded by A.R.S. § 4–301 for social hosts, and alternatively, the immunity provided by A.R.S. § 4–312 for liquor licensees. Cerkvenik also argued that the fraud claim should be dismissed for lack of privity and that the tort of outrage does not exist in Arizona.

The trial court granted Cerkvenik's motion to dismiss Counts 1, 2, and 3, concluding that they were barred by A.R.S. § 4–301, social host dram shop immunity. The court dismissed Count 4, concluding that "outrage" is not a tort in Arizona.

The court of appeals affirmed in part and reversed in part. It concluded that Count 1 and part of Count 3 stated claims because they were unrelated to dram shop liability. Treating Count 4 as a claim for the intentional infliction of emotional distress, which is acknowledged in Arizona, the court of appeals concluded that the allegations were insufficient and affirmed its dismissal. The court of appeals affirmed the dismissal of Count 2 and part of Count 3 (the liquor

counts) because it concluded that Knoell was of the legal drinking age in Mexico, and therefore the immunity afforded by A.R.S. § 4–301 applied.

We granted review on the dram shop issues (Count 2 and part of Count 3) and whether A.R.S. § 4–301 is constitutional under Article 18, Section 6 of the Arizona Constitution.[1] We are of the view that the immunity statutes which Cerkvenik relies upon incorporate the legal drinking age of Arizona, not that of a foreign state. Thus, Counts 2 and 3 were not barred by the immunity statutes, and we need not decide the constitutional issue.

### 3. Analysis

■ Because this action was dismissed at the pleading stage, the parties have not had an opportunity to develop the evidence. We thus assume, as the parties do, that the allegations in the complaint are true and that an immunity statute is implicated. In its motion to dismiss, Cerkvenik argued that because it was not a liquor licensee, A.R.S. § 4–301 was the operative statute. But for our purposes, it does not matter whether Cerkvenik is a social host or a licensee. The social host statute, § 4–301, provides immunity only where the person served is "of the legal drinking age." The immunity afforded by the licensee statutes, §§ 4–311 and 4–312, does not apply to "a purchaser under the legal drinking age." Section 4–311(a)(1). The trial court and the court of appeals concluded that as a non-licensee, § 4–301 applied, and Cerkvenik relies upon that statute in its response to the petition for review. We thus do the same.

A.R.S. § 4–301 provides as follows:

A person other than a licensee or an employee of a licensee acting during the employee's working hours or in connection with such employment is not liable in damages to any person who is injured, or to the survivors of any person killed, or for damage to property, which is alleged to have been caused in whole or in part by reason of the furnishing or serving of spiri-

---

1. And thus the resolution by the court of appeals of Counts 1, part of 3, and 4 stands.

tuous liquor to a person of *the legal drinking age.* (Emphasis added).

This case turns on the meaning of the words "the legal drinking age." The statute on its face affords immunity only to social hosts who provide liquor to "a person of the legal drinking age." It is undisputed that Knoell, at 18, was not of the legal drinking age in Arizona, but was of the legal drinking age in Mexico. If the statute refers to the Arizona legal drinking age, it obviously affords no immunity to Cerkvenik and the action can proceed. *Estate of Hernandez v. Bd. of Regents,* 177 Ariz. 244, 256, 866 P.2d 1330, 1342 (1994) (Arizona courts will entertain an action for damages against a non-licensee who negligently furnishes alcohol to those under the legal drinking age.).

Knoell argues that because § 4–301 is part of Title 4 of the Arizona Revised Statutes, § 4–101 provides the applicable definition. Under § 4–101(17), " 'legal drinking age' means the age of twenty-one years or older." Thus, Knoell contends Timothy was not of the legal drinking age, and § 4–301 affords no immunity to Cerkvenik.

In contrast, Cerkvenik argues that the legal drinking age is to be determined by reference to the law of Mexico. It argues that laws governing alcohol are territorial in nature and that Arizona has no authority to regulate the sale of liquor outside its own territory. Cerkvenik also argues that § 4–301 must refer to the legal drinking age of the place where the drinking occurs rather than to the statutory definition, because, if the legislature had intended the legal drinking age to be that of Arizona, it could have used the words "twenty-one years of age" instead of the words "the legal drinking age." Cerkvenik also argues that under choice of law principles tort liability for its conduct is governed by Arizona law, but the legal drinking age is governed by the law of the place where the alcohol was furnished. We reject each of Cerkvenik's arguments.

First, Cerkvenik has offered no justification for its argument that it can insist upon the protection afforded by an Arizona immunity statute, but then deny the injured party the protection of that same statute. This selective picking and choosing is unsound.

Either the statute applies or it does not. If the statute does not apply, Cerkvenik's immunity argument fails. If it does apply, then it is clear that the words "the legal drinking age" in § 4–301 mean "the age of twenty-one years or older" under § 4–101(17). Indeed, Cerkvenik argues that if the legislature had used the words "twenty-one years of age," instead of the defined term of "the legal drinking age," the entire statute would apply. We fail to see how the use of an already defined term produces a different result. Moreover, the words "the legal drinking age" are used throughout our liquor statutes. By using a defined term, Arizona can change the legal drinking age by amending one statute rather than hundreds.

Nor is Cerkvenik's argument that Arizona cannot extend the application of its law beyond its borders helpful. Arizona does not purport to do so. No one suggests that Arizona has the power to make Knoell's conduct in Mexico unlawful. Cerkvenik seeks refuge in an Arizona statute to avoid tort liability in Arizona. Having sought refuge in an Arizona statute, it must take that statute as it finds it.

From what we have said so far, it is plain that there is no choice of law problem here. Both Cerkvenik and Knoell argue that § 4–301 applies to this case. They just disagree over the meaning of the statute. This is thus not a case in which we would apply the laws of different states to different issues. *See Bryant v. Silverman,* 146 Ariz. 41, 44 n. 1, 703 P.2d 1190, 1193 n. 1 (1985).

Similarly, having concluded that this case is resolved by reference to § 4–301, we need not reach the constitutional question resolved by the court of appeals. *See Ashwander v. TVA,* 297 U.S. 288, 347, 56 S.Ct. 466, 483, 80 L.Ed. 688 (1936).

4. Conclusion

The legal drinking age under § 4–301 is determined by reference to the definition section of Title 4, § 4–101(17). Because Knoell was under the age of twenty-one, § 4–301 affords no immunity to Cerkvenik. It was therefore error to dismiss the complaint based upon that statute. We vacate the

opinion of the court of appeals. We reverse the judgment of the trial court and remand for reinstatement of the liquor counts (Count 2 and part of Count 3). Our resolution renders moot the issues raised in Cerkvenik's cross-petition for review. We therefore dismiss it as having been improvidently granted.

FELDMAN, C.J., ZLAKET, V.C.J., and MOELLER, J., and ROBERT J. CORCORAN, Justice (Retired), concur.