**R.L. AUGUSTINE CONSTRUCTION COMPANY, INC., Plaintiff–Appellant.**

**v.**

**PEORIA UNIFIED SCHOOL DISTRICT NO. 11, a political subdivision of the State of Arizona and its Governing Board, Defendant–Appellee.**

No. CV–95–0299–PR.

Supreme Court of Arizona,
En Banc.

April 22, 1997.

As Modified May 21, 1997.

Jennings & Haug by Robert O. Dyer, Lori A. Metcalf, Stacey A. Dowdell, Phoenix, for R.L. Augustine Construction Company, Inc.

Jennings Strouss & Salmon by Ernest Calderon, Robert D. Haws, Phoenix, for Peoria Unified School District No. 11.

Johnston Maynard Grant & Parker by Logan T. Johnston, Catherine M. Dodd, Anne C. Longo, Phoenix, for Amicus Curiae Arizona Health Care Cost Containment System.

Grant Woods, Attorney General by Paula S. Bickett, Assistant Attorney General, Phoenix, for Amicus Curiae State of Arizona.

Shelley & Bethea by J. LaMar Shelley, Mesa, for Amicus Curiae League of Arizona Cities and Towns.

Thomas W. Pickrell, Phoenix, for Amicus Curiae Arizona School Boards Association, Inc.

Lewis and Roca by John P. Frank, David J. Cantelme, Phoenix, for Amici Curiae Arizona General Contractors Association (Building Chapter), Associated Builders and Contractors, Inc., and Arizona Contractors Association.

## OPINION

MARTONE, Justice.

We granted review to consider whether the dispute resolution provisions of the rules adopted by the State Board of Education prescribing school district procurement practices violate due process. We find that we need not reach that issue because the rules fail to comply with the enabling legislation.

### I. Introduction

The Governing Board of the Peoria Unified School District No. 11, as owner, entered into an American Institute of Architects standard form of agreement with R.L. Augustine Construction Company, as contractor, to build an administration center in Glendale. A dispute arose over delays, and each party blamed the other. The Governing Board imposed liquidated damages on Augustine and denied its request for additional payment. Through counsel, the parties exchanged letters in an effort to settle the dispute, ultimately culminating in an agreement that those letters would satisfy the first tier of the contract claim mechanism under Arizona Administrative Code (A.A.C.) R7-2-1155–1159 of the Board of Education's procurement rules (submission of claim to the district representative). The parties then went to stage two, under which Augustine appealed to the Governing Board under A.A.C. R7-2-1158. The Governing Board, again acting through the same counsel, advised Augustine that it would appoint a hearing officer under A.A.C.

R7-2-1181. At the hearing, Augustine made a record of its claim that there was no difference between the district representative, the hearing officer, and the Governing Board. Augustine argued that it was inherently unfair to have one of the parties to the contract act as both litigant and judge. Nevertheless, the hearing proceeded, and the hearing officer submitted his recommendation to the Governing Board under A.A.C. R7-2-1181(F). The decision of the Governing Board under A.A.C. R7-2-1181(G) followed, for the most part, the recommendation of the hearing officer.

Augustine then filed an action in the Superior Court of Arizona in Maricopa County seeking judicial review of an administrative decision under A.R.S. § 12–905 of the Administrative Review Act, and also seeking a declaration that the Board of Education's procurement rules were unconstitutional because one of the parties to the contract, the Governing Board, as owner, also acted as the final agency decision maker. On motion of the Governing Board, the superior court dismissed the complaint because Augustine failed to seek rehearing under A.A.C. R7-2-1182.

Augustine appealed to the court of appeals which held that the Board of Education's procurement rules were unconstitutional and that the Administrative Review Act did not apply to school districts. It thus reversed. *R.L. Augustine Constr. Co., Inc. v. Peoria Unified Sch. Dist. No. 11,* 183 Ariz. 393, 904 P.2d 462 (App.1995). The court of appeals agreed with Augustine's claim that the Board of Education's rules were unconstitutional because they permitted a party to the contract to resolve its own contractual dispute. The court of appeals also rejected the Governing Board's argument that any due process problems could be cured by judicial review in the superior court under the Administrative Review Act. It held that there was no right to review under the Act because the Governing Board, a political subdivision of the state, was expressly excluded under A.R.S. § 12–901(1) and § 12–902(A). Believing that an important issue of law had been decided with statewide implications, we

granted the Governing Board's petition for review. Rule 23(c)(4), Ariz.R.Civ.App.P.

## II. The Board's Rules for Administrative Review

■ Although we granted review on the constitutionality of the Board of Education's procurement rules, amici Arizona General Contractors Association, *et al.*, suggested that the court need not reach the constitutional question to decide the case. We will not reach a constitutional question if a case can be fairly decided on nonconstitutional grounds. *Petolicchio v. Santa Cruz County Fair,* 177 Ariz. 256, 259, 866 P.2d 1342, 1345 (1994); *see Knoell v. Cerkvenik–Anderson Travel, Inc.,* 185 Ariz. 546, 548, 917 P.2d 689, 691 (1996); *see also Arizonans for Official English v. Arizona,* — U.S. —, —, 117 S.Ct. 1055, 1074, 137 L.Ed.2d 170 (1997); *Ashwander v. TVA,* 297 U.S. 288, 348, 56 S.Ct. 466, 483–84, 80 L.Ed. 688 (1936). We thus entered an order inviting the parties to file supplemental briefs on whether the Board's procurement rules are consistent with the State Procurement Code.

■ A.R.S. § 15–213(A) provides in relevant part that "[t]he state board of education shall adopt rules prescribing procurement practices for all school districts in this state ... consistent with the procurement practices prescribed in title 41, chapter 23 [A.R.S. § 41–2501 *et seq.*]." A.R.S. § 41–2611(A) requires administrative review of all contract claims under the Procurement Code "before the purchasing agency and through an appeal heard before the director in accordance with chapter 6 of this title [A.R.S. § 41–1001 *et seq.*]." Under A.R.S. § 41–2503(18), " 'Purchasing agency' means any state governmental unit which is authorized by this chapter or its implementing regulations, or by way of delegation from the director, to enter into contracts." Under A.R.S. § 41–2503(10), " 'Director' means the director of the department of administration." Under A.R.S. § 41–2611(B), the director may appoint a hearing officer to submit a recommendation

but the ultimate decision is the director's to make.

Thus, under the Procurement Code, there is a two-tiered administrative process. The first is with the unit of government that procures the goods or services.[1] The second is with the director of the department of administration. The rules adopted by the director under A.R.S. § 41–2611(A) are consistent with this dual entity scheme. *See* A.A.C. R2–7–916–919.

In contrast, the rules adopted by the Board of Education, while structured as a two-tiered process in form, in substance provide a one-tier process in which the purchasing body constitutes both the first and second tier. Under A.A.C. R7–2–1155–1156, the Governing Board's district representative is the first administrative decision maker. Under A.A.C. R7–2–1155, 1158, and 1181, second-tier administrative review is by a hearing officer appointed by the Governing Board or by the Governing Board itself, with final decision making in the Governing Board. Thus, unlike the Procurement Code in which the purchasing agency and the director are separate entities, under the rules adopted by the Board of Education, the purchasing agency is both the first-tier reviewer and the second-tier final decision maker. In effect, as Augustine has argued here, the interested party is the adjudicator of contract obligations. A scheme that would have been consistent with the Procurement Code might have first-tier review by a school district representative, or the Governing Board of the school district, and second-tier review and decision making by the Board of Education. The Board of Education, unlike the Governing Board of the school district, would not be a party to the contract under review.

We are thus of the view that the contract claim mechanisms set forth in A.A.C. R7–2–1155, 1158, and 1181 are not substantially consistent with the mechanisms under A.R.S. § 41–2611(A) and the rules adopted by the director of the department of administration under the statute. They are thus void under A.R.S. § 15–213 which defines the scope of

---

1. We do not address the setting in which the department of administration is itself the purchasing agency in fact.

the Board of Education's authority to adopt rules. *Canon Sch. Dist. v. W.E.S. Constr. Co.*, 177 Ariz. 526, 530, 869 P.2d 500, 504 (1994).

## III. Judicial Review

The court of appeals held that there was no right to judicial review under the Administrative Review Act because the school district, as a political subdivision of the state, is excluded under A.R.S. § 12–901(1) and § 12–902(A). If true, this is another instance of an inconsistency between the Procurement Code and the Board's procurement rules.

■ Under the Procurement Code, A.R.S. § 41–2614, any final decision of the director of the department of administration is subject to judicial review under the Administrative Review Act, A.R.S. § 12–901 *et seq.* In contrast, the Board of Education's procurement rules have no provision for judicial review. The Governing Board argues that A.A.C. R7–2–1159 provides for judicial review because it provides that hearings on appeals of contract claims shall be conducted pursuant to the Administrative Procedure Act, A.R.S. § 41–1001 *et seq.* It further argues that proceedings conducted under the Administrative Procedure Act are subject to judicial review under the Administrative Review Act, A.R.S. § 12–902(A). While A.R.S. § 12–902(A) provides for judicial review of a final decision of an "administrative agency," A.R.S. § 12–901(1) expressly excludes political subdivisions from the definition of "administrative agency." It thus appears that the Board's procurement rules do not provide for judicial review. This is not compatible with the consistency requirement of A.R.S. § 15–213(A).

■ Without a judicial review provision, the administrative mechanisms created by the Board of Education are without effect. At the conclusion of the administrative proceedings, an aggrieved party would have to bring a *de novo* action in the superior court on the contract, thus rendering useless the entire administrative proceeding. We do not believe the legislature would have required the Board of Education to adopt rules for the administrative review of contract disputes unless they had some meaning, *i.e.*, were

subject to judicial review and did not require a *de novo* contract action in every instance. *See* A.R.S. § 12–910. Had the Board adopted a rule for judicial review, the Administrative Review Act would have applied even though the school district is not an administrative agency within the meaning of A.R.S. § 12–901(1), because A.R.S. § 15–213(A) confers power on the Board to adopt rules consistent with the Procurement Code, which itself provides for judicial review pursuant to the Administrative Review Act. *See* A.R.S. § 41–2614. We note also that had the Board of Education adopted rules that provided that it, rather than the Governing Board, would be the final administrative decision maker, then the Board of Education, as an administrative agency, would come within the express scope of A.R.S. § 12–902(A).

## IV. Conclusion

The rules of procurement adopted by the Board of Education are not consistent with the Procurement Code in at least two respects: (1) the purchasing agency is also the final agency decision maker, and (2) there is no judicial review. To this extent, the rules are violative of A.R.S. § 15–213(A). We therefore reverse the judgment of the superior court which dismissed Augustine's complaint, vacate the opinion of the court of appeals, and remand to the superior court for a trial *de novo* on the respective claims of Augustine and the Governing Board.

ZLAKET, C.J., FELDMAN and MOELLER, JJ., and ROBERT D. MYERS, Judge, concur.

CORCORAN, J. (Retired) did not participate in the determination of this matter. ROBERT D. MYERS, Presiding Judge, Superior Court of Arizona in Maricopa County, was designated to sit in his stead pursuant to Ariz. Const. art. VI, § 3.