987 P.2d 763

**PHOENIX CHILDREN'S HOSPITAL, an Arizona corporation; Samaritan Health System, an Arizona corporation; Carondelet Health Services, Inc., an Arizona corporation, d/b/a Carondelet St. Joseph's Hospital and Carondelet St. Mary's Hospital; Chandler Regional Hospital, an Arizona corporation; Mesa General Hospital, an Arizona corporation; Flagstaff Medical Center, an Arizona corporation; Mesa General Hospital Medical Center, Inc., an Arizona corporation; Phoenix Baptist Hospital, an Arizona corporation; Scottsdale Memorial Hospital, an Arizona corporation; Mercy Healthcare Arizona, an**

Arizona corporation, d/b/a St. Joseph's Hospital and Medical Center; Tucson Medical Center, an Arizona corporation; University Medical Center Corporation, an Arizona corporation, Yuma Regional Medical Center, an Arizona corporation; and Galen of Arizona, Inc., an Arizona corporation, d/b/a Columbia Medical Center Phoenix, Plaintiffs–Appellants,

v.

ARIZONA HEALTH CARE COST CONTAINMENT SYSTEM ADMINISTRATION, an agency of the State of Arizona; John Kelly, M.D., in his official capacity as Director, Defendants–Appellees.

No. 1 CA–CV 98–0117.

Court of Appeals of Arizona, Division 1, Department D.

March 18, 1999.

Review Denied Oct. 26, 1999.

Gammage & Burnham, P.L.C. by Richard B. Burnham, Cameron C. Artigue, Phoenix, Attorneys for Appellants.

Johnston & Dodd, P.L.C. by Logan T. Johnston, Catherine M. Dodd, Anne C. Longo, Phoenix, Attorney for Appellees.

## OPINION

BERCH, Judge.

¶ 1 Plaintiffs appeal the trial court's determination that they may not file a declaratory judgment action pursuant to Arizona Revised Statutes Annotated ("A.R.S.") section 41–1034 (1992) to challenge an agency policy that they claim should have been promulgated as a rule pursuant to the Administrative Procedure Act[1] ("APA"). Plaintiffs also appeal the trial court's dismissal of their remaining claims for failure to exhaust their administrative remedies. We agree with the trial court and therefore affirm the judgment.

## BACKGROUND

¶ 2 Plaintiffs are Arizona hospitals and medical centers that treat indigent newborn patients in need of neonatal intensive care and seek reimbursement from the Arizona Health Care Cost Containment System ("AHCCCS"). Pursuant to its implementing statutes, A.R.S. sections 36–2901 et seq., AHCCCS adopted a "per diem" methodology for reimbursing hospitals for treating AHCCCS patients. On May 22, 1996, the AHCCCS Administration issued "clinical criteria" to aid in determining appropriate reimbursement for patients treated in neonatal intensive care units. The clinical criteria took effect on July 30, 1996.

¶ 3 Plaintiffs sued the AHCCCS Administration, seeking a declaration that (1) the clinical criteria are "rules"[2] and thus are invalid because they were not promulgated pursuant to the APA, and (2) the clinical criteria are invalid because they are arbitrary and capricious and exceed AHCCCS's statutory authority. AHCCCS moved to dismiss, claiming that Plaintiffs could not seek a declaratory ruling pursuant to section 41–1034 because section 41–1033 (Supp.1995) (amended 1998) provided the exclusive avenue for challenging agency practices alleged to be rules. AHCCCS also asserted that Plaintiffs needed to exhaust their administrative remedies under AHCCCS's grievance procedures before they could challenge the reimbursement methodology in superior court.

¶ 4 The trial court dismissed Plaintiffs' claim that the clinical criteria constituted "rules," holding that Plaintiffs could not seek such a ruling under section 41–1034. The court stayed action on the remaining claims pending the supreme court's ruling in *R.L. Augustine Construction Company v. Peoria Unified School District*, 188 Ariz. 368, 936 P.2d 554 (1997). After the supreme court issued its ruling in *Augustine*, AHCCCS renewed its motion to dismiss. The trial court rescinded its initial minute entry and entered a new order dismissing Plaintiffs' complaint, reaffirming that Plaintiffs needed to proceed under section 41–1033 rather than section 41–1034, and finding that Plaintiffs needed to exhaust their administrative remedies under AHCCCS's grievance and appeal process before seeking judicial review on the legality of the reimbursement methodology.

¶ 5 Plaintiffs appealed. We have jurisdiction pursuant to A.R.S. section 12–2101(B) (1994).

## DISCUSSION

### A. A.R.S. Section 41–1033 vs. Section 41–1034

¶ 6 We first address Plaintiffs' claim that the clinical criteria are "rules" as defined in section 41–1001(18) and are therefore not valid because they were not promulgated pursuant to the APA. Arizona law is clear that "[a] rule is invalid unless adopted and

---

1. A.R.S. sections 41–1001 to 41–1092.12.

2. Rules are defined in A.R.S. § 41–1001(18) (Supp.1995) (current version at A.R.S. § 41–1001(17) (Supp.1998)).

approved in substantial compliance with ... [the relevant sections of the APA]." A.R.S. § 41–1030 (Supp.1996) (amended 1998). One aggrieved by a rule may challenge its validity by "obtain[ing] a judicial declaration of the validity of the rule by filing an action for declaratory relief in the superior court in Maricopa county...." A.R.S. § 41–1034.

¶7 AHCCCS maintains that the clinical criteria are not rules, but rather are agency policies that need not be promulgated through the formal rulemaking process to be valid. It further contends that, if Plaintiffs want the clinical criteria to be formally promulgated as rules pursuant to the APA's rulemaking process, their exclusive recourse is to petition the agency pursuant to section 41–1033. We agree.

¶8 Plaintiffs base their claim that they may seek a declaratory ruling on the validity of the clinical criteria on this court's decision in *Southwest Ambulance, Inc. v. Arizona Dep't of Health Servs.*, 183 Ariz. 258, 902 P.2d 1362 (App.1995). In *Southwest Ambulance*, the Department of Health Services issued ambulance rate schedules, which, like the clinical criteria at issue in this case, were not formally promulgated as rules in accordance with the APA. *See id.* at 260–61, 902 P.2d at 1364–65. The ambulance company challenged the failure to promulgate the schedules as rules by filing a declaratory judgment action, and we affirmed that such an action was the proper vehicle for challenging the Department's actions:

> The Department argues that Southwest ... was not challenging a "rule" which had already been adopted. Southwest, the Department says, was complaining that it was subject to a schedule that *should have been a rule*. We hold that the schedules issued by the Department should have been adopted as rules and whether they were or not, Southwest was forced to operate in conformity with them. It was aggrieved in just the manner contemplated by A.R.S. section[ ] 41–1034....

*Id.* at 263, 902 P.2d at 1367. Thus, following *Southwest Ambulance*, a party who thought an agency practice or policy was properly the subject of a "rule" could seek a declaratory ruling pursuant to section 41–1034 that the agency must follow the APA rulemaking process. *See id.*

¶9 Following the court's decision in *Southwest Ambulance*, however, the legislature amended section 41–1033 to specifically allow agency review of practices that are alleged to fall within the APA definition of "rule":

A. Any person, in a manner and form prescribed by the agency, may petition an agency requesting the adoption of a rule *or a review of an existing agency practice or substantive policy statement that the petitioner alleges to constitute a rule.*

. . . .

B. A person may appeal to the [Governor's Regulatory Review Council] the agency's final decision.... The appeal shall be limited to whether an existing agency practice or substantive policy statement constitutes a rule.

. . . .

D. A decision by the agency pursuant to this section is not subject to judicial review.

A.R.S. § 41–1033 (emphasis added). In setting forth the appropriate forum in which to challenge a rule, practice, or policy, the amended statute distinguishes between "rules" and practices or substantive policy statements that persons allege should be rules. Rules may still be challenged under section 1034, as before, but practices or policies that an aggrieved party argues should be promulgated as rules but have not been must now be challenged before the agency, pursuant to section 1033.

¶10 We disagree with Plaintiffs that the amendment to section 41–1033 simply allows Plaintiffs a choice of forum in which to challenge an agency practice. We must read sections 41–1033 and 41–1034 to give effect to both. For "[w]hen the Legislature *adds* a new statute to an existing statutory scheme, and the later statute does not expressly repeal the former statute, then the former and the new statutes should be construed so as to give effect to each, if possible." *Alexander v. Fund Manager*, 166 Ariz. 589, 593, 804 P.2d 122, 126 (App.1990). The statutes before us neither conflict nor overlap. Each means

exactly what it says, and each can be given effect.

¶ 11 Under the APA, a "rule" is "an agency statement of general applicability that implements, interprets or prescribes law or policy, or describes the procedure or practice requirements of an agency." A.R.S. § 41–1001(18). Thus, the superior court's jurisdiction under section 41–1034 to determine the validity of a "rule" requires an affirmative resolution of a critical threshold question: whether the challenged practice or policy is a "rule" as defined by section 41–1001(18). This determination should not be difficult. If an agency propounds a proposed rule through the applicable notice, comment, certification, and publication requirements of the APA, it has promulgated a rule. Section 41–1034 by its terms allows declaratory judgment actions to challenge "rules." With the 1995 amendments to section 41–1033, the legislature made clear that whether an agency practice or policy meets the definition of "rule" under section 41–1001(18) is not for the superior court to determine under section 41–1034.

¶ 12 Plaintiffs argue that interpreting section 41–1034 to exclude from the definition of a "rule" an agency policy that has not been promulgated pursuant to the APA renders the APA's definition of "final rule" superfluous. That definition is as follows:

> [A]ny rule filed with the secretary of state and adopted pursuant to an exemption from this chapter in section 41–1005, adopted pursuant to § 41–1026, approved by the council pursuant to § 41–1052 or 41–1053 or approved by the attorney general pursuant to § 41–1044. For purposes of judicial review, final rule includes proposed summary rules having interim effect pursuant to § 41–1027.

A.R.S. § 41–1001(10) (Supp.1995) (current version at A.R.S. § 41–1001(9) (Supp.1998)). That the legislature has provided a more specific definition for a rule that has completed the APA rulemaking process, however, does not change the analysis. Whether or not a rule has become final, when an agency undertakes to promulgate the rule pursuant to the APA it has already answered in the affirmative that the agency action is a "rule"

as defined by section 41–1001(18). The remedy for an entity that believes a policy should be a rule subject to the APA rulemaking process now lies with the agency, pursuant to section 41–1033, not with the courts, pursuant to section 41–1034.

¶ 13 Thus, contrary to Plaintiffs' assertions, the 1995 amendments to section 41–1033 did not "implicitly repeal" section 41–1034. The legislature simply distinguished between two classes of cases, those in which Plaintiffs challenge the validity of "rules" and those in which Plaintiffs request review of practices that they believe should be "rules."

¶ 14 Plaintiffs bolster their argument by asserting that the legislature could not have intended section 41–1033 to provide the exclusive avenue for challenging an unpromulgated agency practice or policy because section 41–1033(D) precludes judicial review of the agency decision. We note that the only question removed from judicial review is whether an agency practice or policy constitutes a "rule" that must be promulgated pursuant to the APA rulemaking process. However, we need not address at this time whether the legislature's preclusion of judicial review of agency decisions pursuant to section 41–1033 is constitutional. Plaintiffs must first seek recourse with the agency. *See* § 41–1033.

¶ 15 *We recognize that our holding is inconsistent with the holding of Southwest Ambulance. We find, however, that the 1995 amendments to section 41–1033 supersede* Southwest Ambulance*'s interpretation of section 41–1034, and believe that* Southwest Ambulance *would not be decided the same way today.*

**B.   *Exhaustion of Administrative Remedies***

¶ 16 The trial court dismissed Plaintiffs' substantive challenges to the legality of the clinical criteria, finding that they had failed to exhaust their administrative remedies. Plaintiffs again cite *Southwest Ambulance* as support for their position that the trial court erred in its ruling. In *Southwest Ambulance*, we held that a party need not exhaust administrative remedies before seek-

ing a declaratory judgment under section 41–1034. *See* 183 Ariz. at 263, 902 P.2d at 1367. Because we hold that Plaintiffs may not seek a declaratory judgment under section 41–1034 on the validity of the clinical criteria, their reliance on *Southwest Ambulance* is unavailing. Plaintiffs' claims that the clinical criteria are arbitrary and capricious and exceed AHCCCS's statutory authority challenge matters arising pursuant to AHCCCS's implementing statutes and thus are subject to AHCCCS's statutory grievance procedures. *See* A.R.S. § 36–2903.01(B)(4) (Supp. 1996) (amended 1998). Plaintiffs must exhaust the administrative grievance process before bringing their complaint to the court.

¶ 17 Plaintiffs argue preemptively that proceeding before the AHCCCS Administration would be futile because AHCCCS has a pecuniary interest in the outcome of the case that denies Plaintiffs due process. Thus, Plaintiffs argue that the trial court should not have dismissed the case at the pleadings stage, but should have allowed them to develop a factual record to support their argument that AHCCCS's grievance procedure violates due process.

¶ 18 Plaintiffs' claims are still subject to the grievance and appeal process. Allowing parties to build a factual record is one of the policies underlying the requirement that parties first seek a remedy from the agency before seeking judicial review. *See Farmers Inv. Co. v. Arizona State Land Dep't,* 136 Ariz. 369, 373, 666 P.2d 469, 473 (App.1982). Plaintiffs may build that record before the agency.

¶ 19 Plaintiffs also allege that pursuing a remedy with the agency would be futile because AHCCCS has "already dug in its heels." Such a vague allegation of futility is an insufficient basis on which to allow a party to bypass the exhaustion requirement. *See Minor v. Cochise County,* 125 Ariz. 170, 173, 608 P.2d 309, 312 (1980) (rejecting argument that exhaustion would be futile when there was "nothing in the record which would indicate that the [administrative board] would not have seriously considered appellants' position").

¶ 20 The judgment of the trial court is affirmed.

CONCURRING: SHELDON H. WEISBERG, Presiding Judge, and THOMAS C. KLEINSCHMIDT, Judge.