NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

DANIEL T. DORIA, an individual, *Appellant*,

*v.*

YELP, INC., *Appellee*.

No. 1 CA-CV 24-0183

FILED 10-01-2024

Appeal from the Superior Court in Yavapai County
No. S1300CV202380144
The Honorable Tina R. Ainley, Judge

**AFFIRMED**

COUNSEL

Daniel T. Doria, Cottonwood
*Appellant*

Ogletree Deakins, Nash, Smoak & Stewart, P.C., Phoenix
By Joseph T. Clees, Ricardo R. Bours
*Counsel for Appellee*

**MEMORANDUM DECISION**

Presiding Judge Cynthia J. Bailey delivered the decision of the Court, in which Judge Anni Hill Foster and Judge Angela K. Paton joined.

**B A I L E Y**, Judge:

¶1          Daniel T. Doria appeals the superior court's orders and judgment affirming the decision of the Industrial Commission of Arizona ("ICA") denying Doria's claim for $4,958.40 in unpaid wages. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2          In January 2022, Yelp hired Doria to work remotely in an entry-level sales position, earning $17.79 per hour. He began working around forty hours per week and was paid on a bi-weekly basis.

¶3          On May 6, 2022, Doria began an unpaid leave of absence. Two weeks later, Yelp separated his employment for multiple policy violations, and paid him for his remaining paid time off and a floating holiday he had not used. Yelp also offered to pay him four weeks' severance pay in exchange for signing a Separation Agreement. Doria rejected the offer. Yelp increased its offer to six weeks' severance pay ($4,270.00), and on June 21, sent Doria a revised Separation Agreement. The Agreement explicitly released Yelp "from any and all claims, liabilities and obligations" related to compensation and benefits stemming from Doria's employment or termination from employment with Yelp, including an unpaid wage claim he had filed with the ICA. Although Doria had until June 28 to consider the Separation Agreement, he signed it the next day—on June 22, 2022.

¶4          Doria wrote the words "in protest" by his signature on the Separation Agreement, however, and Yelp emailed him to confirm he intended for it to constitute a final and binding agreement between the parties. Doria affirmatively replied, "Yep, that's all understood . . . ." Yelp then paid him the agreed-upon severance amount on July 1, 2022. Doria accepted and retained the severance pay.

¶5          On February 11, 2023, Doria filed an unpaid wage claim (the "Wage Claim") against Yelp with the ICA, alleging he was owed $4,958.40 for 160 hours of unpaid labor purportedly performed between January 10 and June 10, 2022. In response, Yelp argued Doria's claim was "entirely without merit" and detailed the events surrounding his termination. On March 8, 2023, the ICA emailed a copy of Yelp's response to Doria and gave him fourteen days to reply and provide evidence in support of his Wage Claim. Doria did not do so.

¶6          On May 27, 2023, the ICA issued its Determination, finding that any portion of the Wage Claim based on labor before February 11, 2022,

was untimely and must be dismissed, *see* Ariz. Admin. Code ("A.A.C.") R20-5-1006(A)(1), and that timekeeping and payroll records showed Yelp had fully paid Doria for the hours he worked from February 11 through May 6, 2022. The ICA determined Yelp did not owe Doria the amount asserted in his Wage Claim.

**¶7** After receiving notice of the ICA's Determination, Doria contacted the ICA, claiming his employment had been terminated because he had been "working off of the clock," and he argued he had not been and should be paid for those "off the clock" hours. He acknowledged he timely received the ICA's March 8 email. He claimed he did not submit a reply or provide supporting documentation for his claim because, although the sender's email address ostensibly included @AZICA.GOV to identify it as state government correspondence, the email did not clearly state on the subject line that it was "from the Labor Admin or Industrial Commission," and Doria stated he had a personal policy of not "open[ing] emails from individuals I don't have business with unless the person or purpose is identified."

**¶8** Doria timely appealed the ICA's Determination to the superior court, which affirmed the Determination. We have jurisdiction over Doria's timely appeal. *See* Ariz. Rev. Stat. ("A.R.S.") § 12-913.

## DISCUSSION

### I. Doria's Opening Brief

**¶9** Doria's opening brief is deficient, as it fails to reference the record or to develop and provide citations to legal authorities in support of his arguments. *See* ARCAP 13(a)(4)-(5), (7). Even so, we decline Yelp's invitation to apply waiver or dismiss the appeal on this basis, *see Polanco v. Indus. Comm'n*, 214 Ariz. 489, 491, ¶ 6 n.2 (App. 2007), and instead exercise our discretion to decide Doria's appeal on the merits, *see Clemens v. Clark*, 101 Ariz. 413, 414 (1966); *Lederman v. Phelps Dodge Corp.*, 19 Ariz. App. 107, 108 (1973).

### II. Doria's Appeal

**¶10** Doria argues the superior court erred in affirming the ICA's Determination that Yelp is not liable to him on his Wage Claim.

**¶11** In an administrative appeal, the superior court reviews the administrative record and any supplementing evidence presented, then "may affirm, reverse, modify or vacate and remand the agency action."

A.R.S. § 12-910(F). The court shall affirm the agency action unless it "is contrary to law, is not supported by substantial evidence, is arbitrary and capricious or is an abuse of discretion." *Id.*

**¶12**        We engage in the same process as the superior court in reviewing its ruling affirming an administrative decision. *See Ritland v. Ariz. State Bd. of Med. Exam'rs*, 213 Ariz. 187, 189, ¶ 7 (App. 2006). For factual determinations, "we review the record to determine whether substantial evidence supports the agency's decision and whether the agency exercised its discretion reasonably and with due consideration." *State ex rel. Winkleman v. Ariz. Navigable Stream Adjudication Comm'n*, 224 Ariz. 230, 238, ¶ 14 (App. 2010) (citations omitted). But we give no deference to the agency's factual findings, *Marsh v. Atkins*, 256 Ariz. 233, 236, ¶ 10 (App. 2023) (citing A.R.S. § 12-910(F)), and we decide questions of law "without deference to any previous determination that may have been made on the question by the agency," A.R.S. § 12-910(F); *accord San Carlos Apache Tribe v. State*, ___ Ariz. ___, ___, 550 P.3d 1096, 1103, ¶ 32 (2024).

**¶13**        Here, the administrative record makes plain that the ICA's Determination was not contrary to law, unsupported by substantial evidence, arbitrary or capricious, or an abuse of discretion. The evidence the ICA and superior court cited—including Yelp's timekeeping and payroll records—provides the substantial evidence necessary to uphold the ICA's Determination. Doria does not dispute this evidence or that Yelp paid him for all hours recorded on his timekeeping records. Instead, he argues Yelp did not pay him for time he purportedly "worked off of the clock." However, he presents no evidence to support this assertion and did not present any at the administrative level. *See Alexander v. Fund Manager, Pub. Safety Personnel Ret. Sys.*, 166 Ariz. 589, 595 (App. 1990) (noting that review of an agency decision is generally limited to the agency record). And although Doria suggests he was denied the opportunity to present supporting documentation because the ICA's March 8 email came "from an unidentified third party," he does not dispute the email was timely sent and included @AZICA.GOV to identify it as state government/ICA correspondence. Nor does he make an offer of proof as to what supplementing evidence he would have provided. The ICA's Determination was made after affording Doria ample opportunity to present any evidence in support of his Wage Claim and based on full consideration of the facts and evidence submitted by Yelp and Doria.

**¶14**        Moreover, in the Separation Agreement, Yelp and Doria fully resolved the claims that are the subject of Doria's underlying Wage Claim and appeal. Doria signed the Separation Agreement waiving "any and all

4

claims" arising from or relating to his employment or the termination of his employment with Yelp. The Separation Agreement expressly included all claims related to Doria's compensation and benefits from Yelp, and in exchange for signing it, Doria received a severance payment of approximately six weeks' pay. Doria retained this payment and made no attempt to return it to Yelp; therefore, the parties have fully resolved all claims that are the subject of Doria's Wage Claim.

¶15 Finally, Doria presents no evidence that might render the Separation Agreement invalid. Doria confirmed he understood and agreed the agreement was a final, binding, and enforceable contract, he would comply with its terms, he entered the agreement voluntarily, and writing "in protest" did not alter its terms and effect. And Doria is mistaken that the agreement is per se illegal, as severance contracts waiving salary provisions are enforceable in Arizona. *See Thermo-Kinetic Corp. v. Allen*, 16 Ariz. App. 341, 346 (1972).

### III. Attorneys' Fees and Costs

¶16 We deny Yelp's request for attorneys' fees incurred on appeal and in the superior court under A.R.S. §§ 12-348(A)(2), 12-349, and 41-1007. As the successful party in the superior court and on appeal, however, Yelp is entitled to an award of its taxable costs upon compliance with Rule 21, ARCAP. *See* A.R.S. § 12-342(A).

### CONCLUSION

¶17 We affirm the superior court's orders and judgment affirming the ICA's Determination.



AMY M. WOOD • Clerk of the Court
FILED:    AGFV