580 P.2d 781

**In the Matter of the Appeal in MARICOPA COUNTY JUVENILE ACTION NO. J–78151–S.**

**No. 1 CA–JUV 63.**

Court of Appeals of Arizona,
Division 1,
Department A.

June 13, 1978.

Ross P. Lee, Maricopa County Public Defender by H. Allen Gerhardt, Deputy Public Defender, Phoenix, for appellant.

Charles F. Hyder, Maricopa County Atty. by C. O. Lamp, Deputy County Atty., Phoenix, for appellee.

OPINION

FROEB, Chief Judge.

On February 13, 1974, the juvenile in the instant case was adjudicated incorrigible in the Maricopa County Juvenile Court. She was placed on probation, with custody to remain with her parents. She violated her probation a number of times and was finally charged with three counts of shoplifting. On April 18, 1975, she admitted the allegations of shoplifting and the juvenile court found her to be a delinquent child. On September 11, 1975, the juvenile court held a dispositional hearing and ordered her committed to the State Department of Corrections for institutional placement. On January 25, 1978, the juvenile requested the court to set a hearing to consider her removal from the Department of Corrections. The trial court ruled on January 27, 1978, that it did not have the authority to review the commitment to the Department of Corrections nor the authority to recall the child from the Department of Corrections. The court, therefore, denied the request for a removal hearing.

It is from the order of January 27, 1978, that the juvenile brings this appeal. She took no appeal from the original dispositional order committing her to the Department of Corrections nor from any other dispositional orders entered in this case. We raise, *sua sponte*, the question of whether the subject order is a "final order" from which an appeal will lie.

Rule 24(a) of the Rules of the Juvenile Court provides that "any aggrieved party may appeal from a final order of the juvenile court to the Court of Appeals." We hold that an order denying a removal hearing after the juvenile has previously been committed to the Department of Corrections is not a final order subject to appeal under Rule 24(a).

Division Two of this court reviewed a similar question in *In re Appeal in Pima County, Juvenile Action No. J–35316*, 24 Ariz.App. 384, 539 P.2d 188 (1974). The question there was whether a juvenile court order retaining jurisdiction of minors as dependent children and continuing custodial arrangements previously ordered by the court was an appealable order. The court reasoned that the Juvenile Code, effective August 11, 1970, was a self-contained enactment and that its provisions, rather than the provisions of the general appeal statute, controlled the appealability of juvenile orders. The court noted that, while A.R.S. § 12–2102(C) provides that appeals may be taken from "any special order made after final judgment," the Juvenile Code did not contain a similar provision. The court held, therefore, that an order entered in the hearing reviewing its previous dispositional order was not a final order under Rule 24(a). We believe that the facts of this case are analogous.

We ruled in *In re Appeal in Maricopa County, Juvenile Action No. J–74222*, 20 Ariz.App. 570, 514 P.2d 741 (1973) that a "final order" is one that disposes of all the issues, including disposition before the juvenile court. We held there that an order adjudicating a juvenile a delinquent was not a final order within the meaning of Rule 24.

The final order in the present case was the dispositional order originally committing the child to the Department of Corrections. The order appealed from is an order made after judgment for which there is no provision for appeal under the juvenile rules. This court does not have jurisdiction to consider this appeal and the matter can be properly raised only by special action.

For the foregoing reasons, this appeal is dismissed.

HAIRE, P. J., and DONOFRIO, J., concur.