616 P.2d 84

**In the Matter of the Appeal in Maricopa County, JUVENILE ACTION NO. JT–295003.**

**No. 1 CA–JUV 134.**

Court of Appeals of Arizona, Division 1, Department A.

July 10, 1980.

Charles F. Hyder, Maricopa County Atty. by Warren K. Smoot, Chief Counsel, Juvenile Bureau, Lon S. Taubman, Deputy County Atty., Phoenix, for State.

Ross P. Lee, Maricopa County Public Defender by John Foreman, Deputy Public Defender, Phoenix, for juvenile.

## OPINION

EUBANK, Judge.

This is an appeal from two minute entry orders of the Juvenile Court finding the juvenile in contempt and imposing punishment therefor, entered during the course of a juvenile traffic hearing before the Juvenile Judge. As the orders were entered during juvenile proceedings, the appeal has proceeded in accordance with the procedure set forth in Rules 24 and 25, Rules of Procedure for the Juvenile Court, 17A A.R.S. Since we have found that we do not have jurisdiction over this appeal, however, it must be dismissed for the reasons stated below.

The particular orders appealed from, after reciting the specific conduct which formed the basis for the Juvenile Judge's ruling, found the juvenile in contempt and sentenced him to two days incarceration in the Maricopa County jail and a fine of $100. The jail term was suspended by the Juvenile Judge, and the fine was stayed by this Court pending the disposition of the appeal. The findings recited a series of acts which had occurred in the presence of the Court and which had been witnessed by it, which the Court regarded as obstructing the administration of justice and lessening the dignity and authority of the Court. The Court stated that it was proceeding pursuant to A.R.S. § 8–248 and Rules 33.1 and

33.2, Rules of Criminal Procedure, 17 A.R.S. The juvenile's main contention on the merits of this appeal is that the Juvenile Court had no authority to apply or follow the Criminal Rules in this contempt procedure, and that it did not purport to exercise any other type of contempt power. The latter assertion is simply not correct, and we need not consider the former because of the absence of jurisdiction.

█ In its response to the notice of appeal the State asserted the non–appealability of the orders here involved, but requested this Court to rule on the merits because of the nature of the question presented. The juvenile has not discussed jurisdiction, although both parties were permitted to file supplemental memoranda in this Court. This Court, of course, has the obligation to determine its own jurisdiction, and if no jurisdiction exists, the parties cannot confer it on the Court by agreement or consent. *In the Matter of the Appeal in Maricopa County Juvenile Actions Nos. J–86384 and JS–2605*, 122 Ariz. 238, 594 P.2d 104 (App. 1979). In this case our jurisdiction turns on whether the orders sought to be appealed are in fact appealable.

█ The notice of appeal specifies that the only orders being appealed are those "finding the juvenile in contempt and . . sentencing him to pay a fine of $100 . . ." In our opinion, these orders are not appealable for two reasons. First, the order finding the juvenile in contempt and imposing punishment therefor is not "a final order of the juvenile court" within the meaning of Juvenile Rule 24(a). In order to be final and appealable under that rule, an order must dispose of all of the issues, including that of "disposition" of the juvenile. *In the Matter of the Appeal in Maricopa County Juvenile Action No. J–78151–S*, 119 Ariz. 320, 580 P.2d 781 (App.1978); *In the Matter of the Appeal in Maricopa County Juvenile Action No. J–74222*, 20 Ariz.App. 570, 514 P.2d 741 (1973). The orders sought to be appealed here were purely interlocutory and concerned only certain behavior during the court proceedings, rather than constituting the complete and final disposition of all

issues before the court, which were those involved in the juvenile's traffic appeal.

█ Second, from their nature the orders here must be regarded simply as contempt orders of the type typically entered under A.R.S. § 12–864, which provides in part as follows:

Contempts committed in the presence of the court or so near thereto as to obstruct the administration of justice . . . may be punished in conformity to the practice and usage of the common law.

The contempt found to have been committed here was committed in the presence of the court and was such as to obstruct the administration of justice. It was summarily dealt with by the court immediately upon its commission, rather than pursuant to the notice and hearing procedure of A.R.S. §§ 12–861 *et seq.*, which was not appropriate or required here, as the contemptuous acts were not within § 12–861. Contempt orders under § 12–864 are not appealable, although they may be reviewed in appropriate cases by a special action. *Van Dyke v. Superior Court*, 24 Ariz. 508, 211 P.2d 576 (1922); *Riley v. Superior Court*, 124 Ariz. 498, 605 P.2d 900 (App.1979); *United Farm Workers National Union v. Heggblade–Marguelas–Tenneco, Inc.*, 21 Ariz.App. 514, 520 P.2d 1191 (1974); *Van Baalen v. Superior Court*, 19 Ariz.App. 512, 508 P.2d 771 (1973). In the *Van Baalen* case we said:

Contempt orders or judgments under A.R.S. § 12–864, as opposed to those arising under A.R.S. § 12–861, are not appealable, even though they may theoretically be designated as "criminal contempts", and attempted appeals from such judgments or orders have consistently been dismissed.

The Juvenile Court, as a division of the Superior Court, has inherent power to deal with contempt committed in its presence, as does any other division of the Superior Court. *See Phoenix Newspapers, Inc. v. Superior Court*, 101 Ariz. 257, 418 P.2d 594 (1966). In addition, the Juvenile Court has specifically been granted contempt power by statute, A.R.S. § 8–248. That section provides:

**412**

§ 8–248. Contempt powers

The juvenile court may punish a person for contempt of court for wilfully violating, neglecting or refusing to obey or perform any lawful order of the juvenile court or for obstructing or interfering with the proceedings of the juvenile court or the enforcement of its orders subject to the laws relating to the procedures therefor and the limitations thereon.

In proceeding pursuant to either its inherent or statutory contempt power, we consider that the Juvenile Court is also proceeding pursuant to A.R.S. § 12–864 and the decided cases relevant thereto, as they constitute the "laws relating to the procedures therefor and the limitations thereon." The fact that the Juvenile Court here stated that it was also following the (additional) steps set forth in Criminal Rule 33.2 in no way changes or detracts from the fact that it was basically acting under A.R.S. § 12–864.[1]

 We can see no difference between a contempt order issued by a Civil Division of the Superior Court in a civil case and one issued by the Juvenile Division of that Court in a juvenile case as far as the appealability of that order is concerned. Since the orders here involved were identical to those issued pursuant to A.R.S. § 12–864, we hold that they are not appealable, and that this Court has no jurisdiction except to dismiss the present purported appeal. *Van Dyke v. Superior Court*, and cases cited *supra*.

 The dismissal of this appeal will leave the orders of the Juvenile Court in effect. However, we do not believe there was any authority in the Juvenile Court to order confinement of this juvenile *in the County Jail*, regardless of the conditions specified. *See In the Matter of the Appeal in Maricopa County Juvenile Action No. J–85871*, 120 Ariz. 154, 584 P.2d 618 (App. 1978).

---

1. We note parenthetically that this situation may well present another case in which the Rules of Criminal Procedure could appropriately be applied to a specific aspect of Juvenile Court procedure which is not covered by the

The stay of execution of the sentence is hereby dissolved, and the matter is remanded.

Appeal dismissed; stay of execution dissolved.

FROEB, P. J., and CONTRERAS, J., concur.

Juvenile Rules, as suggested by the Supreme Court in *State ex rel. Dandoy v. Superior Court*, 127 Ariz. 185, 619 P.2d 12, 1980, with respect to the determination of mental competency.