847 P.2d 627

**Richard M. ROMLEY, Maricopa County Attorney, Petitioner,**

v.

**SUPERIOR COURT of the State of Arizona, in and for the COUNTY OF MARICOPA, The Honorable John Foreman, a judge thereof, Respondent Judge,**

**JV–126725, Real Party in Interest.**

**No. 1 CA–SA 92–0267.**

Court of Appeals of Arizona, Division 1, Department A.

Feb. 18, 1993.

Richard M. Romley, Maricopa Co. Atty. by Jeffrey W. Pitts and Diana Wilkes, Deputy Co. Attys., Phoenix, for petitioner.

Gary L. Rohlwing & Associates by Shay R. Hineman, Glendale, for respondent.

Dean W. Trebesch, Maricopa Co. Public Defender by David Katz and Ellen Edge Katz, Deputy Public Defenders, Phoenix, for amicus curiae.

## OPINION

KLEINSCHMIDT, Acting Presiding Judge.

■ In this case, we hold that when the juvenile court decides to transfer a juvenile for prosecution as an adult, it must transfer all the charges which grow out of the events which gave rise to the prosecution. The juvenile court may not transfer some charges, and retain jurisdiction of others.

The alleged facts are as follows. Following a high school football game, the juvenile and several others were riding in an automobile. They became involved in an exchange of angry words with another group of youths who were riding in a pickup truck. The juvenile fired a number of shots at the truck, and one bullet struck a girl who was riding in it.

The state filed a petition in the juvenile court charging the juvenile with six counts of aggravated assault, one count for each passenger who was riding in the truck. The state filed a request to transfer the juvenile for prosecution as an adult. The juvenile judge ordered the juvenile transferred only as to the count which accused him of firing the bullet which struck the girl. The judge said:

THE COURT FINDS the public safety and interest would best be served by transfer of the juvenile for prosecution as an adult as to Count I only.

IT IS ORDERED denying the request to transfer with regard to Counts II through VI.

Count I involves someone actually physically injured by the shooting. In the other counts, at least two of the victims bear some responsibility for the original confrontation, though they did nothing that merited being shot at.

. . . .

Again, the key elements with regard to Count I are that the victim was actually shot and that the juvenile has not indicated a willingness to accept those services provided to him by this Court prior to this time.

The state objected to the refusal to transfer all the charges. It moved to dismiss without prejudice the five counts that remained in the juvenile court. The purpose of the motion was to allow the state to refile these charges in the court where the defendant would be prosecuted as an adult. The juvenile court denied the motion to dismiss, and the state challenged that ruling by filing this special action. We accepted jurisdiction and granted relief, indicating that this opinion would follow.

We accepted jurisdiction of this special action because the denial of the motion to dismiss was not a final order, *see* Ariz.Rev. Stat.Ann. ("A.R.S.") § 8-236; *Maricopa County Juvenile Action No. JT-295003*, 126 Ariz. 409, 616 P.2d 84 (App.1980); and because the case presents an issue of statewide importance that turns on a question of law. *See Lewis v. Warner*, 166 Ariz. 354, 802 P.2d 1053 (App.1991).

We find nothing in the Arizona Constitution, in statute, or in the Arizona Rules of Procedure for the Juvenile Court that bears directly on the issue whether the juvenile court may transfer some charges and retain jurisdiction of others which arise out of the same event. The constitution provides that the superior court has exclusive original jurisdiction of children accused of crime, and that the court may suspend criminal prosecution of such children. Ariz.Const. art. 6, § 15. The refusal to suspend criminal prosecution has been interpreted as a waiver of jurisdiction by the juvenile court so as to transfer the child for prosecution as an adult. *State v. Jiminez*, 109 Ariz. 305, 509 P.2d 198 (1973).

Guidelines for the exercise of a waiver of jurisdiction by the juvenile court are found in the Arizona Rules of Procedure for the Juvenile Court. Rule 12 permits the county attorney to request the transfer of a juvenile for prosecution as an adult. Upon such request, the juvenile probation officer is to conduct a transfer investigation and the court may, on its own motion or at the request of any party, order a mental and/or physical examination of the juvenile. Under Rule 14 of the Arizona Rules of Procedure for the Juvenile Court, the court conducts a transfer hearing to determine whether there is probable cause to believe that the juvenile committed the acts alleged, and whether the juvenile should be transferred. The considerations to be taken into account as to the transfer determination are spelled out in subsection (c) of Rule 14, which provides:

(c) If the court determines that there is probable cause to believe that the offense has been committed and that the child committed it, the court shall then determine whether the public safety or interest would best be served by the transfer of the child for criminal prosecution. In deciding whether the jurisdiction of the juvenile court should be waived and the child transferred for criminal prosecution, the court shall consider the following factors:

(1) the seriousness of the alleged offense and whether it was committed in an aggressive, violent, premeditated or willful manner;

(2) whether the alleged offense was against person or against property, and whether personal injury resulted;

(3) the sophistication and maturity of the child as determined by consideration of the child's age, intelligence, education, environment, emotional attitude and pattern of living;

(4) the child's physical, mental and emotional condition;

(5) the record and previous history of he child, including previous contacts with juvenile courts and law enforcement agencies in this and other jurisdictions, prior periods of probation in any court and their results, and any prior commitments to juvenile residential placements and secure institutions;

(6) whether the child has previously been transferred for criminal prosecution in this or any other state;

(7) the prospects for adequate protection of the public and the likelihood of reasonable rehabilitation of the child by the use of services and facilities currently available to juvenile court; and

(8) any other factors which appear to be relevant to the determination of the transfer issue.

Since we find nothing in the constitution or the rule to indicate whether the drafters addressed, or even considered, the issue presented here, we turn to considerations of policy and practicality for a resolution of the question. In doing so, we look to decisions from other states for guidance.

In *State In Interest of R.L.P.*, 159 N.J.Super. 267, 387 A.2d 1223 (1978), a child was charged in the juvenile court with a homicide, threatening to take a life, robbery, possession of weapons, and escape. The New Jersey statutes and rules provided that a child could be transferred for prosecution as an adult if the juvenile court found that the child was over sixteen years of age and there was probable cause to believe he had committed a homicide or committed an offense against the person in an aggressive, violent and willful manner.

The juvenile contended that he could be transferred for prosecution as an adult on the homicide charge and on the charges of threatening to take a life and robbery, but could not be transferred for prosecution on the charges of escape or possession of weapons. The state contended that the juvenile court could waive jurisdiction over the entire criminal transaction so long as there was probable cause to believe that a homicide or an aggressive, violent and willful offense against the person had been committed. The juvenile court agreed with the state and waived jurisdiction on all charges. The Superior Court of New Jersey, Appellate Division, affirmed. It noted that the language in the statute and rule referred to a waiver of jurisdiction of "a case" and that nothing in the statute or rule compelled the court to adopt a doctrine of fractionalized waiver. The court then went on to say:

> Nor is there any basis in common sense or public policy which favors the adoption of a procedural requirement that fragments the prosecution of violent offenses in the adult court and possessory offenses or escapes in the Juvenile Court.

387 A.2d at 1225.

It noted that the Supreme Court of New Jersey did not favor separate trials for offenses arising out of a single criminal episode and observed:

> To require treatment of the same criminal episode partially in Juvenile Court and partially in adult court would serve no beneficial purposes believed to be derived from the creation of a system of juvenile courts. To permit fragmentation of the criminal transaction invites many possible problems, such as in sentencing, or with collateral estoppel, double jeopardy and merger. Fragmentation is also wasteful of prosecutorial, defense and judicial resources.

387 A.2d at 1226.

The Supreme Court of New Mexico has addressed a similar question. In *State v. Garcia*, 93 N.M. 51, 596 P.2d 264 (1979), the order transferring the juvenile for prosecution in the adult court encompassed some, but not all, of the crimes for which the defendant was charged. Following transfer, the grand jury indicted the juvenile for all the crimes that grew out of the criminal episode. The juvenile argued that this was improper, and that he could only be tried in adult court for those crimes which had been transferred. The Supreme Court of New Mexico, relying in part on what the New Jersey court had said in *State in Interest of R.L.P.*, rejected the juvenile's argument. In doing so, it noted, seemingly in derogation of the juvenile's position, that if the juvenile's argument were correct, he would be subject to rehabilitation as a juvenile, while at the same time he could be sentenced to prison as an adult offender.

We agree with the result reached by both the New Jersey and the New Mexico courts. We realize that both those cases hold that the juvenile court *could*, as opposed to *must*, transfer all the charges. Nonetheless, the policy considerations pertinent to permissive transfers are persuasive with respect to whether a transfer of all charges growing out of a single incident must be transferred, once a transfer as to any of them has been ordered.

█ It is the general policy in Arizona that joinder of crimes based upon the same conduct or otherwise connected together in their commission is permissible when such is not prejudicial to the defendant. *State v. Martinez-Villareal*, 145 Ariz. 441, 445–46, 702 P.2d 670, 674–75 (1985). In *Maricopa County Juvenile Action No. A-27789*, 140 Ariz. 7, 9, 680 P.2d 143, 145 (1984), in the context of the consolidation of dependency and adoption proceedings, the court explained that:

> To allow both actions to continue simultaneously would wreak havoc with the orderly administration of justice and would impose undue burdens on the courts and the interested parties. It would also encourage duplicitous litigation and collateral attacks of each court's orders.

While the Arizona courts have not expressed a preference for joinder in criminal cases as forcefully as have the courts of New Mexico and New Jersey, again the factors that bear on the question are the same in all three states.

The order accepting jurisdiction and granting relief is reaffirmed.

MICHAEL J. O'MELIA,* Superior Court Judge, Maricopa County, and TOCI, J., concur.

* The Honorable MICHAEL J. O'MELIA, Maricopa County Superior Court Judge, was authorized to participate in the disposition of this matter by the Chief Justice of the Arizona Supreme Court pursuant to article 6, section 3 of the Arizona Constitution.