949 P.2d 545

In re CAMERON T.

In re FELIPE S.

In re THOMAS S.

Nos. 1 CA–JV–97–0030, 1 CA–JV 97–0033 and 1 CA–JV 97–0051.

Court of Appeals of Arizona, Division 1, Department D.

Nov. 6, 1997.

accused of committing a crime from December 6, 1996, through July 20, 1997, the day before legislation implementing Prop. 102 became effective. *See* 1997 Ariz. Sess. Laws Ch. 220. We hold that the juvenile court had such authority and thus affirm the transfer orders.

Richard M. Romley, Maricopa County Attorney by Linda Alauria, Deputy County Attorney, Phoenix, for Appellee State of Arizona.

Dean W. Trebesch, Maricopa County Public Defender by Susan G. White, Deputy Public Defender, Phoenix, for Appellant Cameron T.

Dean W. Trebesch, Maricopa County Public Defender by Joel M. Glynn, Deputy Public Defender, Phoenix, for Appellants Felipe S. and Thomas S.

## OPINION

RYAN, Presiding Judge.

At the general election of November 5, 1996, Arizona voters passed ballot proposition 102 ("Prop.102"), the Juvenile Justice Initiative. It repealed former Arizona Constitution Article 6, Section 15 ("former Section 15") and adopted new Article 4, Part 2, Section 22 ("Section 22") and Article 6, Section 15 ("new Section 15"). These constitutional changes became effective on December 6, 1996, when the Governor proclaimed their adoption under Arizona Constitution Article 4, Part 1, Section 1(13).[1] *See State ex rel. Nelson v. Jordan,* 104 Ariz. 193, 196, 450 P.2d 383, 386 (1969).

These appeals present a single issue: whether Prop. 102 stripped the juvenile court of legal authority to waive its jurisdiction and transfer for adult prosecution any juvenile

## BACKGROUND

The state filed delinquency petitions in the juvenile court against appellants, charging each with offenses that did not constitute "murder," "forcible sexual assault," or "armed robbery."[2] By petition filed December 13, 1996, sixteen-year-old appellant Cameron T. was charged with committing attempted armed robbery and two counts of aggravated assault on December 11, 1996. The December 21, 1996, petition filed against sixteen-year-old Felipe S. charged him with illegally possessing a shotgun on December 20, 1996. In a petition filed January 14, 1997, seventeen-year-old appellant Thomas S. was charged with residential burglary committed on January 13, 1997.

The state filed motions under Arizona Rules of Procedure for the Juvenile Court ("ARPJC" or "Rules") 12 through 14, to transfer these juveniles for adult prosecution on the pending charges. The juveniles sought to dismiss the motions. They reasoned that the repeal of former Section 15 withdrew the juvenile court's only legal authority to waive its exclusive jurisdiction over children accused of crimes and thus to allow the state to prosecute them as adults. According to appellants, Section 22(1) now provided that all juveniles accused of unlawful conduct (other than certain designated offenses) were to be "prosecuted as provided by law," meaning under statutory law. Appellants also contended that under new Section 15, the jurisdiction and authority of Ari-

---

1. This court recently held that Prop. 102 was lawfully adopted. *Soto v. Superior Court,* 190 Ariz. 450, 453, 949 P.2d 539, 542 (App.1997).

2. Section 22(1) provides in part: "Juveniles 15 years of age or older accused of murder, forcible sexual assault, armed robbery or other violent felony offenses as defined by statute shall be prosecuted as adults." Effective July 21, 1997,

A.R.S. § 13–501(F)(5) defines "other violent felony offenses" within Section 22(1) as aggravated assault under A.R.S. § 13–1204(A)(1), aggravated assault involving the use of a deadly weapon (A.R.S. § 13–1204(A)(2)), drive-by shooting (A.R.S. § 13–1209), and discharging a firearm at a structure (A.R.S. § 13–1211). 1997 Ariz. Sess. Laws Ch. 220, §§ 72 and 73.

zona courts in all matters affecting juveniles were now to be "as provided by the legislature or the people by initiative or referendum." Appellants maintained that the two new constitutional provisions, read together, restricted the juvenile court's jurisdiction and legal authority to that provided by statute alone. Because no statute authorized the court to transfer juveniles for adult prosecution until July 1997, well after the dates of the charged offenses, appellants claimed that the juvenile court lacked legal authority to grant the state's motions to transfer.

The juvenile court denied each appellant's motion to dismiss the state's transfer motion. In each case the juvenile court then conducted a hearing and in each case granted the state's motion. It is from these transfer orders that the juveniles appeal. *See* ARPJC 24(a) and 25(a). We have jurisdiction. Ariz.Rev.Stat. Ann. ("A.R.S.") § 8–236.

### DISCUSSION

From December 9, 1960, through December 5, 1996, former Section 15 provided:

The superior court shall have exclusive original jurisdiction in all proceedings and matters affecting dependent, neglected, incorrigible or delinquent children, or children accused of crime, under the age of eighteen years. The judges shall hold examinations in chambers for all such children concerning whom proceedings are brought, in advance of any criminal prosecution of such children, and may, in their discretion, suspend criminal prosecution of such children. The powers of the judges to control such children shall be as provided by law.

Several Arizona decisions have referred to this provision as the source of the superior court's authority to transfer juveniles for prosecution as adults. *See, e.g., State v. Jiminez,* 109 Ariz. 305, 306, 509 P.2d 198, 199 (1973); *Romley v. Superior Ct.,* 174 Ariz. 126, 128, 847 P.2d 627, 629 (App.1993).

When Prop. 102 became law on December 6, 1996, former Section 15 was revised to read:

The jurisdiction and authority of the courts of this state in all proceedings and

matters affecting juveniles **shall be as provided by the legislature or the people by initiative or referendum.**

(Emphasis added.) Also effective December 6, 1996, Section 22 provides in relevant part:

In order to preserve and protect the right of the people to justice and public safety, and to ensure fairness and accountability when juveniles engage in unlawful conduct, the legislature, or the people by initiative or referendum, shall have the authority to enact substantive and procedural laws regarding all proceedings and matters affecting such juveniles. The following rights, duties, and powers shall govern such proceedings and matters:

(1) **Juveniles 15 years of age or older accused of murder, forcible sexual assault, armed robbery or other violent felony offenses as defined by statute shall be prosecuted as adults. Juveniles 15 years of age or older who are chronic felony offenders as defined by statute shall be prosecuted as adults.** Upon conviction all such juveniles shall be subject to the same laws as adults, except as specifically provided by statute and by article 22, section 16 of this constitution. **All other juveniles accused of unlawful conduct shall be prosecuted as provided by law.** Every juvenile convicted of or found responsible for unlawful conduct shall make prompt restitution to any victims of such conduct for their injury or loss.

(Emphasis added.)

The supreme court first implemented the juvenile court's transfer authority through ARPJC 12, 13, and 14, effective April 15, 1970, and still in effect as amended. *See also* ARPJC 14.1 ("Transfer Deferral"). Like all other court rules, ARPJC 12, 13, and 14 were promulgated under the supreme court's exclusive power to "make rules relative to all procedural matters in any court." *See* Ariz. Const. art. 6, § 5(5); *see also State v. Blazak,* 105 Ariz. 216, 217, 462 P.2d 84, 85 (1969); *State v. Jackson,* 184 Ariz. 296, 298, 908 P.2d 1081, 1083 (App.1995).

Rules of court cannot create or extinguish substantive rights, but they can fix the procedural methods by which such rights are

to be asserted and enforced. *See, e.g., State v. Fletcher*, 149 Ariz. 187, 192, 717 P.2d 866, 871 (1986); *Roddy v. County of Maricopa*, 184 Ariz. 625, 627, 911 P.2d 631, 633 (App. 1996); A.R.S. § 12–109(A) ("The [supreme court's] rules shall not abridge, enlarge or modify substantive rights of a litigant.").

Appellants contend that Rules 12 through 14, mere procedural rules, do not authorize the juvenile court to order that a juvenile accused of a crime be prosecuted as an adult. They argue that former Section 15 provided the sole substantive legal basis for that authority, and its repeal left a void that could be filled only by new legislation under Section 22(1). Absent such legislation, appellants conclude that existing legislation granting exclusive original jurisdiction to the juvenile court over juveniles accused of crimes dictates that they can be prosecuted only in the juvenile system. *See* A.R.S. § 8–202(A) and (E) (Supp.1996); A.R.S. § 8–221 (1989); A.R.S. § 8–222 (1989); *see generally* A.R.S. §§ 8–201 through –251; 8–271 through –367 (1989 and Supp.1996). We disagree.

Appellants' analysis overlooks an obvious and determinative fact: the consequence of their construction would contravene the intent of the electorate in adopting Prop. 102. The overall intent of Prop. 102 was to make possible faster, more effective, and in some cases more stringent responses to juvenile crime. For example, the analysis of Prop. 102 provided by the Legislative Council in the 1996 Publicity Pamphlet informed prospective voters, in part:

> Proposition 102 would amend the Constitution by repealing Article VI, section 15 and by allowing the Legislature to limit the power of the courts to suspend the prosecution of a juvenile and by limiting the jurisdiction of the courts to those juvenile matters that are provided by the Legislature or the people. The Supreme Court and Superior Court would continue to have jurisdiction over juveniles, including dependent juveniles, pursuant to other existing laws unless those laws are amended by the Legislature or the people at some future time.

*See Ward v. Stevens*, 86 Ariz. 222, 228–29, 344 P.2d 491, 495 (1959) (endorsing use of publicity pamphlet to determine intent of amendment); A.R.S. § 19–124(B) and (C) (publicity pamphlet must contain impartial analyses and arguments on proposed measures). Precluding the juvenile court under all circumstances from making discretionary transfers for adult prosecution for juvenile crimes committed between December 6, 1996, and July 21, 1997, would defeat the electorate's purpose in adopting Prop. 102.

Rules 12, 13, and 14 provide a detailed and self-contained procedural system governing the grounds on which the juvenile court may rely to decide whether to prosecute an accused juvenile in the adult or the juvenile system. These rules also dictate the manner in which that issue should be presented to and resolved by the juvenile court. However, the rules also implicitly reaffirm the juvenile court's jurisdiction and legal authority to make that substantive determination. For example, Rule 12(a) begins:

> If, ... in the opinion of the county attorney the child is not a proper person over whom the juvenile court should retain jurisdiction, the county attorney may file a motion with the clerk of the court **requesting that the juvenile court waive jurisdiction** and order the transfer of the child to the appropriate court for criminal prosecution.

(Emphasis added.) Rule 14(c) and (g) provides:

> If the court determines that there is probable cause to believe that the offense has been committed and that the child committed it, the court shall then determine whether the public safety or interest would best be served by the transfer of the child for criminal prosecution.... At the conclusion of the transfer hearing, if the court orders the child transferred for criminal prosecution to the appropriate court having jurisdiction of the offense, the court shall state the reasons for such action by minute entry or written order. The juvenile court shall designate the counts of the criminal complaint upon which the child will be tried in the adult court.

These references in ARPJC 12 through 14 do not and could not vest substantive authority in the juvenile court to transfer juveniles for prosecution into the adult system. They nevertheless do form a central part of the legal backdrop against which Prop. 102 took shape.

Close analysis of the pertinent language of new Section 15 and Section 22 helps to determine the effect of Prop. 102. Section 22 expressly grants to "the legislature, and the people by initiative or referendum," authority to enact both substantive and procedural laws governing all proceedings involving juveniles who engage in unlawful conduct. New Section 15 provides that the jurisdiction and authority of the superior court in such proceedings is to be established "by the legislature or the people by initiative or referendum."

Section 22(1) specifies certain requirements for proceedings and matters involving juveniles who engage in unlawful conduct. Juveniles fifteen years of age or older who are accused of murder, forcible sexual assault, armed robbery or "other violent felony offenses as defined by statute," or who are "chronic felony offenders as defined by statute" must always be prosecuted as adults. The juvenile court no longer has authority to decide whether to allow those juveniles to proceed in juvenile court; their prosecution as adults is mandatory. The article continues: "All other juveniles accused of unlawful conduct shall be prosecuted as provided by law."

■ This provision, like all other provisions of the Arizona Constitution, is mandatory unless expressly declared to be otherwise. Ariz. Const. art. 2, § 32. No judicial construction is required or proper if a constitutional provision is clear. *Pinetop–Lakeside Sanitary Dist. v. Ferguson,* 129 Ariz. 300, 302, 630 P.2d 1032, 1034 (1981); *Hudson v. Brooks,* 62 Ariz. 505, 511, 158 P.2d 661, 663 (1945). Appellants view the sentence "All other juveniles accused of unlawful conduct shall be prosecuted as provided by law" in Section 22(1) as clear and unambiguous. They argue that it unequivocally provides that juvenile court authority to transfer a juvenile for prosecution in the adult system

may now be granted only by the legislature or by the constitution, and Rules 12 though 14 therefore have become irrelevant. We disagree with appellants' interpretation of new Section 15 and Section 22(1), and with their view of the current legal status of Rules 12 through 14.

■ First, we do not agree that the meaning of the new constitutional provisions is so clear that no judicial construction is permissible. Those provisions repeatedly refer—either directly or by necessary implication from the terms "legislature," "initiative," and "referendum"—to statutory law as the source of the .superior court's jurisdiction and authority over juveniles. In the single sentence on which these appeals turn, however, Section 22(1) abandons this consistent usage. Section 22(1) does not specify that all other juveniles shall be prosecuted "as provided by statute," or "as provided by the legislature or by the people by initiative or referendum." It states instead: "All other juveniles shall be prosecuted **as provided by law**."

We will not simply assume that the drafters of Prop. 102 intended nothing by this language change. In our opinion, its presence renders the meaning of Section 22 and new Section 15 uncertain as applied in cases like those before us. To give meaning to those provisions, we must therefore resort to applicable rules of construction.

■ When a court interprets the scope and meaning of an amendment to Arizona's Constitution, its primary purpose is to achieve the intent of the electorate that adopted the amendment. *Jett v. City of Tucson,* 180 Ariz. 115, 119, 882 P.2d 426, 430 (1994); *see also McElhaney Cattle Co. v. Smith,* 132 Ariz. 286, 289, 645 P.2d 801, 804 (1982). In so doing, the court must give meaning to each word, phrase, clause, and sentence of the provision so that no part will be void, inert, redundant, or trivial. *City of Phoenix v. Yates,* 69 Ariz. 68, 71, 208 P.2d 1147, 1149 (1949). Indeed, if the language of a constitutional provision yields a result so irrational that it cannot have been intended by persons of ordinary intelligence and discretion, the words may be modified to conform with the framers' apparent intent. *See*

*Clark v. Boyce,* 20 Ariz. 544, 553, 185 P. 136, 140 (1919); *Bussanich v. Douglas,* 152 Ariz. 447, 450, 733 P.2d 644, 647 (App.1986).

■ In adopting new Section 15 and Section 22, voters clearly intended to speed the pace and augment the effectiveness of the juvenile justice system in Arizona, and to respond more stringently to juvenile crime when appropriate. We find it straightforward and fairly simple to construe the new provisions consistently with that intent.

Our supreme court has interpreted the meaning of the phrase "as provided by law" as follows:

> The word "law" includes constitutions, statutes, the common law and the various rules which the courts from time to time necessarily must and do adopt to secure an orderly, definite and consistent administration of justice. On the other hand, the word is frequently used in a restricted sense as meaning an act of the legislature only. There can be no absolute test laid down as to when the one meaning and when the other is to be attributed to the word. It must all depend upon the context with which it is used and the presumed intent of those who use the word, judged by the usual principles of construction.

*State ex rel. Conway v. Superior Ct.,* 60 Ariz. 69, 76, 131 P.2d 983, 986 (1942), *overruled in part on other grounds, Adams v. Bolin,* 74 Ariz. 269, 275, 247 P.2d 617, 621 (1952). Both *Conway,* 60 Ariz. at 75–77, 131 P.2d at 985–86, and *Yates,* 69 Ariz. at 71–72, 208 P.2d at 1149, suggest a more reasonable interpretation of the phrase "as provided by law" than that urged by appellants.

■ The term "law" may be broadly or narrowly interpreted depending on its context. *Conway,* 60 Ariz. at 77, 131 P.2d at 986. Prop. 102 elsewhere uses the word "statute" or refers to enactments by the legislature or the people—narrow and specifically-defined terms. In contrast, Section 22(1) refers to the prosecution of "all other juveniles" "as provided by law." We conclude that this non-restrictive language shows an intent to allow prosecution under "law" in the broader sense of that word, including rules of law that were not enacted by the legislature

or the people through initiative or referendum. In this context, the existing non-statutory, non-constitutional "law" to which Section 22(1) refers necessarily includes ARPJC 12 through 14 and cases interpreting and applying them.

■ Appellants nevertheless argue that after Prop. 102, ARPJC 12 through 14 cannot be used "to marshall proceedings" absent "proper constitutional or legislative authority to hold these proceedings in the first place." We disagree with appellants' premise that former Section 15 provided the sole legal basis for authorizing adult criminal prosecution of juveniles.

Prop. 102's repeal of former Section 15 removed two distinct provisions, only one of which figures in appellants' analysis. The repeal did eliminate the language of former Section 15 granting the juvenile court discretionary authority to transfer juveniles accused of certain felony crimes for adult prosecution. Such transfer is now mandatory for the offenses listed; the cases are filed directly in the superior court, and the juvenile court never acquires jurisdiction. Also, the transfer provision previously had operated as a limited exception to the exclusive jurisdiction language of former Section 15, which was repealed by Prop. 102.

But Prop. 102 left undisturbed the superior court's jurisdiction over "[c]ases and proceedings in which exclusive jurisdiction is not vested by law in another court," and over "[c]riminal cases amounting to felony, and cases of misdemeanor not otherwise provided for by law." Ariz. Const. art. 6, § 14(1) and (4); *see generally State v. Marks,* 186 Ariz. 139, 141–42, 920 P.2d 19, 21–22 (App.1996) (finding that Article 6, § 14(4) vests jurisdiction in "superior court at large" over juvenile's conduct violating felony statute).

Accordingly, after Prop. 102, juveniles accused of crime are no longer constitutionally limited to the juvenile adjudication and disposition process, which previously subjected them only to discretionary transfer for adult prosecution. Prop. 102 has replaced the juvenile court's constitutional "exclusive original jurisdiction" with the general rule that the superior court's jurisdiction over matters affecting juveniles shall be provided by statute, and that all juveniles accused of crimes

not within the designated categories shall be prosecuted "as provided by law." Ariz. Const. art. 4, part 2, § 22(1) and art. 6, § 15 (eff. December 6, 1996).

On the dates of appellants' alleged offenses, ARPJC 12 through 14 were not the only provisions of law that pertained to the juvenile court's legal authority to transfer juveniles for adult prosecution. Although no statutory provision expressly authorized the juvenile court to order that a delinquency charge be prosecuted in the adult criminal system, A.R.S. sections 8–201, –202, –221, –222, and –246 implicitly authorized and incorporated the procedure by which the juvenile court *could* do so under ARPJC 12 through 14.

For example, A.R.S. section 8–202(A) conferred on the juvenile court "exclusive original jurisdiction over all proceedings brought under the authority of this chapter." [3] The same statute also stated, in part:

> Jurisdiction of a child obtained by the juvenile court in a proceeding under this chapter shall be retained by it, for the purposes of implementing the orders made and filed in that proceeding, until the child becomes eighteen years of age, unless terminated by order of the court prior thereto.

A.R.S. § 8–202(E) (Supp.1996).[4]

Sections 8–221 and –222 (1989) together required that any criminal proceeding against a juvenile either be commenced in the juvenile court or transferred to the juvenile court and treated as if commenced there. Similarly, A.R.S. § 8–246(A) provided (and still provides) in part:

> When jurisdiction has been acquired by the juvenile court of a child, the child shall

continue under the jurisdiction of the juvenile court until such child becomes eighteen years of age, unless sooner discharged pursuant to law.

Section 8–201(9) defined "delinquent act" and provided in part that "any child remanded for prosecution as an adult shall not be adjudicated as a delinquent child for the same offense...." [5]

After the repeal of former Section 15, its first sentence (conferring exclusive jurisdiction) obviously could no longer affect the superior court's jurisdiction over felonies and misdemeanors allegedly committed by juveniles. Under new Section 15 and Section 22(1), any limitation on such prosecutions must now be provided by statute. Although as a matter of statutory law a criminal prosecution against a juvenile must be initiated under Title 8, Chapter 2 of A.R.S., *see* A.R.S. §§ 8–221 and –222,[6] no provision of Title 8 requires the juvenile court to retain jurisdiction throughout the juvenile's minority. The juvenile court may terminate its jurisdiction by "order," or the juvenile may be "discharged" from its jurisdiction "pursuant to law." *See* A.R.S. §§ 8–202(F) and (G); 8–239; 8–246(A) (1997 Ariz. Sess. Laws Ch. 220, §§ 3, 31, and 34).

Additionally, as was true before Prop. 102 was adopted, no statute or constitutional provision precludes adult prosecution of a juvenile who is no longer under the jurisdiction of the juvenile court. Offenses defined in Title 13 criminal statutes are committed by "persons." *See, e.g.,* A.R.S. § 13–3102(A) ("A person commits misconduct involving weapons by knowingly...."). "Person" is defined as including "a human being." A.R.S. § 13–

---

**3.** The language of this subsection changed slightly but significantly after the passage of Prop. 102: "The juvenile court has original jurisdiction over all delinquency proceedings brought under the authority of this title." 1997 Ariz. Sess. Laws Ch. 220, § 3.

**4.** This subsection now reads the same except for the introductory phrase, "Except as otherwise provided by law." Ariz. Sess. Laws Ch. 220, § 3, renumbered as A.R.S. § 8–202(F). New subsection (G) provides,

> Persons who are under eighteen years of age shall be prosecuted in the same manner as adults if either:

> 1. The juvenile court transfers jurisdiction pursuant to section 8–239.
> 2. The juvenile is charged as an adult with an offense listed in section 13–501.

**5.** Now numbered A.R.S. § 8–201(11), this definition adds, "Delinquent act does not include an offense under section 13–501, subsection A or B if the offense is filed in adult court."

**6.** Section 8–221 has been revised to allow a proceeding to commence by transfer of a case from a court under A.R.S. § 8–222, by petition filed by the county attorney, or by referral of a Uniform Arizona Traffic Ticket and Complaint form. 1997 Ariz. Sess. Laws Ch. 220, § 13.

105. Appellants are all persons within that definition.

## CONCLUSION

We conclude that the juvenile court has authority to terminate its jurisdiction over a juvenile before he or she reaches eighteen, and the superior court has statutory and constitutional jurisdiction over felonies and misdemeanors committed by juveniles who are no longer under the jurisdiction of the juvenile court. Consequently, the procedure by which the state may seek to terminate the juvenile court's jurisdiction and prosecute the juvenile as an adult is a proper matter for ARPJC 12 through 14 and other rules of court.

Accordingly, even without former Section 15, existing provisions of law preserved the transfer process as defined in and regulated by ARPJC 12 through 14. That process constitutes a valid stage of the prosecution of "other juveniles" "as provided by law" within Section 22(1). The transfer orders on appeal were valid, and we therefore affirm.

THOMPSON and WEISBERG, JJ., concur.