IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

FILED BY CLERK

OCT 18 2005

COURT OF APPEALS
DIVISION TWO

IN RE GINA MANNY

)
)
)
)
)
)
)

2 CA-JV 2005-0001
DEPARTMENT A

O P I N I O N

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. 165513-01

Honorable Michael O. Miller, Judge

REVERSED AND REMANDED WITH DIRECTIONS

Barbara LaWall, Pima County Attorney
  By Verla R. O'Donovan

Tucson
Attorneys for State

Stephanie J. Meade

Tucson
Attorney for Appellant

E C K E R S T R O M, Judge.

¶1	Appellant Gina Manny, the mother of A., a juvenile adjudicated delinquent, appeals from the juvenile court's order holding Manny in contempt for violating the court's prior probation order relating to her responsibilities as A.'s custodian. Because we find that the court's sentencing authority was limited to thirty days' incarceration under the juvenile statutes, we reverse the court's imposition of four months' incarceration under the general criminal contempt statute.

¶2	The court adjudicated A. delinquent for driving with a spirituous liquor in her body and placed her on probation on January 26, 2004. At the same time, it ordered Manny to comply with certain conditions in supervising A., including reporting any violations of probation and providing A. transportation as needed.

¶3	About two weeks after being placed on probation, A. was involved in a serious motor vehicle accident while intoxicated. As a result, the state filed a second delinquency petition that charged A. with two counts of aggravated driving under the influence of an intoxicant and eight other counts of endangerment, criminal damage, and possession of alcohol. The court adjudicated A. delinquent on all counts. Before the disposition hearing, A.'s probation officer told the court about allegations that Manny had been drinking alcohol with A. on the night of the accident. The court appointed a guardian ad litem to investigate those allegations and help determine an appropriate placement for A. when she was released from incarceration.

¶4	At A.'s disposition hearing, the court charged Manny with contempt for violating the January 26 order and told her that, under A.R.S. § 8-234(E), she could be

subject to a maximum of thirty days in jail and a $1,000 fine. The court set a hearing on the charge and informed her that she was entitled to an appointed attorney. The court also told Manny she must appear at the contempt hearing or a warrant might be issued for her arrest.

¶5        Manny failed to appear at the contempt hearing, and the court proceeded in her absence, finding that Manny's "pattern of accommodating [A.'s] violations of probation was willful." Manny was arrested almost two months later and brought before the court. At that time, the court ordered her attorney to brief the issue of whether the provisions of § 8-234 or A.R.S. § 12-861, the general contempt statute, governed her sentence. The court expressed its doubt that § 8-234 applied, stating, "That provision . . . may apply more to orders having to do with treatment, and not strictly the criminal contempt." At the sentencing hearing, the court invoked § 12-861 and Rule 33, Ariz. R. Crim. P., 17 A.R.S., and imposed a term of four months' incarceration. This appeal followed.[1]

¶6        Manny argues, *inter alia*, that the juvenile court erred in sentencing her under the general contempt provisions in A.R.S. §§ 12-861 through 12-865 rather than the specific juvenile contempt provisions of § 8-234. Although the state does not dispute that the court could sentence Manny under § 8-234, it maintained at trial that the court also had discretion to impose the longer jail term authorized in § 12-863. We review *de novo* legal questions such as whether a court applied the appropriate statute. *See 3613 Ltd. v. Dep't of Liquor Licenses & Control*, 194 Ariz. 178, ¶ 17, 978 P.2d 1282, 1286 (App. 1999). When

---

[1]Although the trial court has released Manny on bond, it is unclear how much of the four-month term she has already served.

construing statutes, our goal is to fulfill the intent of the legislature in enacting the provisions. *Zamora v. Reinstein*, 185 Ariz. 272, 275, 915 P.2d 1227, 1230 (1996). We must therefore determine whether the legislature intended to permit juvenile courts to employ the contempt sanctions in § 12-863 when addressing the willful violation of court orders issued pursuant to § 8-234.[2] For the following reasons, we conclude that it did not.

---

[2]The applicable portions of § 8-234 are as follows:

> A.   A parent or legal guardian of a person who is under eighteen years of age shall exercise reasonable care, supervision, protection and control over the parent's or legal guardian's minor child.

> B.   On petition of a party or on the court's own motion, the court may make an order directing, restraining, or otherwise controlling the conduct of a person . . . .

> . . . .

> E.   If the court after notice and hearing finds that a person has failed to exercise reasonable care, supervision, protection and control of a minor pursuant to subsection A of this section or if the court holds a person in contempt for violating an order pursuant to this section, the court may immediately take one or more of the following actions:

> 1.   Impose a fine of not more than one thousand dollars . . . .

> 2.   Impose a term of incarceration in jail for a period of not more than thirty days.

> 3.   Order the parents or guardian of the child to perform community service with their child.

4

**¶7** At the outset, we acknowledge that the contempt powers of a superior court set forth in §§ 12-861 through 12-865 are not limited to any particular type of proceeding and are therefore generally applicable to juvenile proceedings. *See* A.R.S. § 8-247 ("The juvenile court may punish a person for contempt of court . . . subject to the laws relating to the procedures therefor . . . ."); *see also In re Maricopa County Juvenile Action No. JT-295003*, 126 Ariz. 409, 411-12, 616 P.2d 84, 86-87 (App. 1980) (approving juvenile court's use of contempt power in § 12-864). But those statutes provide a different maximum sanction for contempt than those in the parallel juvenile statute. Under § 12-863(B), a contemnor commits a class two misdemeanor, for which a court can impose a maximum term of four months in jail, *see* A.R.S. § 13-707(A)(2), while § 8-234(E)(2) expressly limits the sanction to a jail term of "not more than thirty days." When, as here, two statutes address the same subject matter and contain an irreconcilable conflict on a particular provision, "'the more recent, specific statute governs over the older, more general statute.'" *In re Guardianship/Conservatorship of Denton*, 190 Ariz. 152, 157, 945 P.2d 1283, 1288 (1997), *quoting Lemons v. Superior Court*, 141 Ariz. 502, 505, 687 P.2d 1257, 1260 (1984); *see also Mead, Samuel & Co. v. Dyar*, 127 Ariz. 565, 568, 622 P.2d 512, 515 (App. 1980) (more recent statute controls).

**¶8** Section 8-234 is the more recent law. The provisions relevant here were enacted in 1994, 1994 Ariz. Sess. Laws, ch. 201, § 7, while the latest substantive revision of any of the contempt provisions in Title 12 was in 1978. 1978 Ariz. Sess. Laws, ch. 201, § 79. We presume the legislature was aware of the existing statutes on contempt of court

5

when it enacted § 8-234. *See Washburn v. Pima County*, 206 Ariz. 571, ¶ 11, 81 P.3d 1030, 1035 (App. 2003) ("We presume the legislature is aware of existing statutes when it enacts new statutes . . . ."). Therefore, we must conclude the legislature intended to alter the maximum punishment available for the contempt addressed in § 8-234 from that addressed in § 12-863.

¶9          For the particular contempt Manny committed, § 8-234 is also the more specific of the two provisions. Section 8-234 authorizes a juvenile court to issue orders "directing, restraining, or otherwise controlling" the conduct of parents of delinquent minors consistent with their duty to supervise their children and to impose sanctions for contempt if a parent violates such an order. § 8-234(B), (E). In fact, the portion of A.'s probation order applicable to Manny was prefaced by the following statement: "Per [A.R.S. §] 8-234, the Court may make an order directing, restraining or otherwise controlling the conduct of a parent or legal guardian and may Invoke its Contempt Powers for failure to Comply."[3] In short, § 8-234 both created the duty that Manny breached and authorized the court's order

---

[3]Additionally, the court initially told Manny it was charging her with contempt under Title 8. Not until she was arrested for failing to appear at the contempt hearing did the court suggest that it would consider imposing sanctions under Title 12. Because we have decided that the court should have sentenced Manny under Title 8, we need not address the due process concerns arising from Manny's lack of notice that the court might sentence her pursuant to Title 12. *See R.L. Augustine Constr. Co. v. Peoria Unified Sch. Dist. No. 11*, 188 Ariz. 368, 370, 936 P.2d 554, 556 (1997) ("We will not reach a constitutional question if a case can be fairly decided on nonconstitutional grounds."). Manny does not argue that the court violated the procedural requirements of § 8-234.

6

that Manny later violated.[4]  Thus, her failure to appropriately supervise A. and her violation of the court's order directing her to do so constituted the precise behavior the legislature sought to address when it enacted § 8-234.  Because § 8-234 is both more recent and more specific than the contempt provisions in §§ 12-861 through 12-865, we conclude § 8-234 is controlling to the extent those provisions conflict.

¶10        Nor are we persuaded that the conflicting punishment provisions can be harmonized on the theory that the legislature might have intended to provide superior courts the option of choosing between the two.  When interpreting a statute, we presume the legislature intended each word and clause to have meaning.  *Williams v. Thude*, 188 Ariz. 257, 258, 934 P.2d 1349, 1350 (1997) ("'Each word, phrase, clause, and sentence of a statute must be given meaning so that no part will be void, inert, redundant, or trivial.'") (emphasis omitted), *quoting City of Phoenix v. Yates*, 69 Ariz. 68, 72, 208 P.2d 1147, 1149 (1949).  In § 8-234(E)(1) and (2), the legislature articulated its view of the appropriate sanction for parents' violation of orders governing the supervision of delinquent minors—a maximum fine of $1,000 and a jail term of "not more than thirty days."  Were we to allow a juvenile court to selectively choose a higher maximum sentence under § 12-863 for the same violations, we would not only render subsections (E)(1) and (2) of § 8-234 superfluous to the extent those provisions address criminal contempt, we would thwart the legislature's

---

[4]Manny has not challenged the constitutionality of § 8-234 as applied to her.  *See Katherine S. v. Foreman*, 197 Ariz. 371, ¶ 1, n.1, 4 P.3d 426, 429, 429 n.1 (App. 1999) (holding § 8-234(B) is unconstitutionally vague when invoked to secure jurisdiction over a delinquent juvenile's sibling, but declining to address whether its other provisions, including those applicable to parents or guardians, survive constitutional scrutiny).

unambiguous intent expressed in those subsections to limit the available sanction to "not more than" a thirty-day jail term.

¶11 Manny also argues that her trial counsel was ineffective in failing to familiarize himself with §§ 12-861 through 12-865 and in failing to request a jury trial pursuant to those provisions. However, our conclusion that the juvenile court erred by proceeding pursuant to §§ 12-861 through 12-865 rather than under § 8-234 renders any deficiencies in trial counsel's understanding of his client's rights pursuant to §§ 12-861 through 12-865 irrelevant and not prejudicial. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674, 693 (1984) (to state colorable claim of ineffective assistance of counsel, defendant must show counsel's deficient performance was prejudicial). Accordingly, we need not address the threshold question of whether we can entertain a claim of ineffective assistance of counsel in an appeal challenging a criminal contempt finding. *See State v. Spreitz*, 202 Ariz. 1, ¶ 9, 39 P.3d 525, 527 (2002) (claims for ineffective assistance of counsel arising from adult criminal conviction must be raised in post-conviction proceeding, not on appeal).

¶12 For the foregoing reasons, we conclude the juvenile court erred in sentencing Manny to a four-month jail term for contempt of court pursuant to § 12-863. We therefore reverse the order with instructions to resentence Manny under § 8-234(E).

_____
PETER J. ECKERSTROM, Judge

CONCURRING:

_____
JOSEPH W. HOWARD, Presiding Judge

_____
J. WILLIAM BRAMMER, JR., Judge